JOSEPH DINET

v.

THOMAS REILLY, use, etc.

1. PARTIES—NON-JOINDER.—Actions upon causes arising *ex contractu* must be brought in the names of the parties in whom the legal interest in the contract is vested.

2. PRACTICE—WHEN OBJECTION MAY BE RAISED.—The omission of proper parties as plaintiffs in actions upon contracts may be taken advantage of at the trial under the general issue, or on motion in arrest of judgment, or on error. If the non-joinder appears upon the face of the pleadings, it is fatal on demurrer. If there are legal grounds for omitting the name of a party—as his death—it is necessary to show such excuse for non-joinder in the declaration.

3. VERDICT AGAINST EVIDENCE—EXPRESS PROMISE.—Appellee sought to recover for paving the street in front of appellant's property, under a contract with the city council, in pursuance of an ordinance, and relied upon a promise by appellant to pay him therefor. His right to recover, then, must rest upon an express promise, there being nothing from which a promise may be implied. Appellee testified that appellant agreed to pay for the work done, which appellant positively denied. *Held*, that the verdict was against the preponderance of the evidence.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. HENRY BINMORE, for appellant; as to the objection of

non-joinder of parties, cited 1 Chitty's Pl. 2: Manlove v. Mc-Hatton, 4 Scam. 96; Hunter v. Gilham Breese, 51; 1 Henry Blackstone, 81; 75 Tenn. R. 359; Brinkerhoff v. Wemple, 1 Wend. 470; Jessell v. Ins. Co. 3 Hill, 88; Boggs v. Ingraham, 3 Dall. 502; Anderson v. Martindale, 1 East. 497; Dawe v. Peck, 8 T. Rep. 332; Eccleston v. Chipsham, 1 Saund. 153; Thimblethorp v. Hardesty, 7 Mod. 116; Doe v. Staple, 2 T. Rep. 696; Bauerman v. Radenius, 7 T. Rep. 667; Anderson v. Clark, 2 Bing. 20; Place v. Delegal, 4 Bing. 426; Seaton v. Booth, 4 A. & E. 528; Poole v. Hill, 6 Mees. & W. 835; Story v. Richardson, 6 Bing. 123; Dickinson v. Burr, 7 Ark. 34; Com'l Bank v. French, 21 Pick. 489; Allen v. Ayers, 3 Pick. 298; Warden v. Burnham, 8 Vt. 390; De Cordova v. Atchinson, 13 Tex. 372; Garland v. Reynolds, 20 Me. 45; Montague v. Smith, 13 Mass. 404; How v. How, 1 N. H. 261; Smith v. Emery, 7 Halst. 53; Wolfe v. Washburn, 6 Cow. 261; Barndollar v. Tate, 1 Serg. & Rawle, 160; Treat v. Stanton, 14 Conn. 445; Wheelwright v. Beers, 2 Hall, 391; Hall v. Huntoon, 17 Vt. 244; Lapham v. Green, 9 Vt. 407; Weathers v. Day, 4 Dana, 474; Halladay v. Doggett, 6 Pick. 359; Doe v. Halsey, 16 Johns. 34; Wilson v. Wallace, 8 Serg. & Rawle, 53; U. S. v. Kennan, 1 Pet. 168; Gould v. Gould, 6 Wend. 264; Wright v. Post, 3 Conn. 142; Hewes v. Bayley, 20 Pick. 96; Jellison v. La Fonta, 19 Pick. 204; Wright v. Williamson, 2 Penn. 978; Bridge v. Payson, 5 Sandf. 210; Page v. Walcott, 15 Gray, 536; Story on Partnership, § 241; Collyer on Partnership, § 649

When the objection of non-joinder may be taken advantage of : Goodnight v. Goar, 30 Ind. 418; Debolt v. Carter, 31 Ind. 355; Vernon v. Jeffreys, 2 Stra. 1146; Dodge v. Wilkinson, 3 Met. 292; Rhodes v. Dymock, 33 N. Y. 141; Cunningham v. White, 45 How. Pr. 486; Bell v. Layman, 1 Mour. 39; Bragg v. Wetzell, 5 Blackf. 95; Armim v. Spencer, 4 Wend. 406; Whiting v. Cook, 8 Allen, 63.

That the burden of proof is upon the plaintiff, and as to a preponderance of evidence: Harris v. Miner, 28 Ill. 135; Piatt v. The People, 29 Ill. 54; C. & A. R. R. Co. v. Utley, 38 Ill. 410; Mitchell v. Deeds, 49 Ill. 416; Stevenson v. Marony, 29 Ill. 532; Watt v. Kirby, 15 Ill. 200; Dunton v. Chamberlain,

1 Bradwell, 391; McCarthy v. Mooney, 41 Ill. 300; Hubbard
v. Rankin, 71 Ill. 129; Broughton v. Smart, 59 Ill. 440; Stur-
man v. Streamer, 70 Ill. 188; Meyer v. Mead, 83 Ill. 19; Paton
v. Stewart, 78 Ill. 481; Gowen v. Kehoe, 71 Ill. 66; Haines v.
The People, 82 Ill. 430; Angelo v. Faul, 85 Ill. 107; Huddle
v. Martin, 54 Ill. 258; Crabtree v. Hagenbaugh, 25 Ill. 233;
Yundt v. Hartrunft, 41 Ill. 9; Chittenden v. Evans, 41 Ill. 251.

BAILEY, J.   This was a suit in assumpsit, brought by ap̦ₗ
lee to recover from appellant compensation for paving that paₓ
of Cornell street, in the city of Chicago, fronting upon a cer-
tain lot owned by appellant.   The declaration contained only
the usual common counts.   Appellant pleaded the general
issue, and on trial by a jury, in the court below, a verdict was
rendered in favor of appellee for $273.10, for which amount
and costs judgment was entered against appellant.

The evidence shows that on the sixth day of April, 1874, the
city council of the city of Chicago passed an order directing
the Board of Public Works, in all cases where the property-
owners representing seven-eighths of the number of feet front-
ing on any street to be improved, requested it, to allow such
work or improvement to be done by private contract.   On the
seventh day of June, 1875, the city council passed a further
order, in which, after reciting that the owners of seven-eighths
of the property fronting on Cornell street, between Milwaukee
avenue and Ashland avenue, had made a contract with Thomas
Reilly & Co. to grade and pave Cornell street in front of their
property, and that said property owners were desirous of hav-
ing their work done by private contract, it was ordered that
said board should enter into a contract with said Thomas Reilly
& Co., on the part of the city, for walling, paving and grading
the intersections on said Cornell street, at a price not to exceed
that to be paid by the property owners, and that said board
should cause an assessment to be levied on the property of the
property owners not signing said contract, and have the same
collected without unnecessary delay, and pay the same over to
said contractors.

It is not pretended that appellant was one of the signers
of the contract mentioned in the order of June 7, 1875, and

Dinet v. Reilly.

appellant, in his testimony, explicitly denies having signed it. It appears, however, that in pursuance of said contract, Thomas Reilly & Co., consisting of appellee and one Shaw, his co-partner, went on and paved said street. It was admitted, on the trial, that no assessment was ever made by said board, pursuant to said order. Appellee bases his right to recover in this suit solely upon a promise to pay, which he claims appellant made to him while the work was progressing.

The main question to be considered is, whether appellee should not have joined his co-partner with himself as co-plaintiff, and whether his failure so to do is not fatal to the present judgment.

No principle is more elementary than that suits upon matters arising *ex contractu*, must be brought in the names of the parties in whom the legal interest in the contract is vested. In this case, the right to compensation for paving the street in question, is clearly vested in appellee and his co-partner, jointly, and not in appellee alone. On this point the evidence can scarcely be said to be conflicting.

The only witness produced on the part of appellee was himself, and although he testifies that *he* did the paving in question for appellant, he nowhere, in terms, denies that his co-partner was jointly engaged and interested with him in the work. He admits, moreover, that the paving was done under and in pursuance of the written contract made with the owners of seven-eighths of the frontage on the street. This contract appears to have been lost, and so was not exhibited in evidence, but that it was a contract between the owners of seven-eighths of the property fronting on the street of the one part, and Thomas Reilly & Co. of the other, and not between said property owners and Thomas Reilly alone, is shown not only by the recitals of the order of the city council, of June 7, 1875, but also by the fact appearing in the testimony of appellant, that appellee, before commencing the work, came to him and sought to obtain his signature, and through his influence the signatures of his neighbors to a contract with appellee and his partner, Shaw, for paving the street; and also by the testimony of witness Jones, an employee of the city, having charge of the

special assessments made by the Board of Public Works, to the effect that the street was in fact paved by Reilly and Shaw, under said order of June 7, 1875.

It is true, appellee testifies that he presented a bill for this work to appellant, and that appellant promised to pay for it. The work, however, having been done by appellee's firm, it will be presumed, at least until the contrary appears, that such bill was rendered in the firm name, and the promise to pay, although made to appellee individually, will, in the absence of counter-vailing testimony, be deemed to have been made to him in his character as co-partner, and to inure to the benefit of his firm.

It is manifest, then, that appellee and his co-partner should have been joined as plaintiffs. Nor do we perceive any reason why appellant is not in a position to avail himself of the non-joinder. It should be observed that the declaration containing only the common counts, the non-joinder does not appear on the face of the pleadings.

The general rule is, that the omission of proper parties as plaintiffs in actions upon contracts, may be taken advantage of at the trial under the general issue, or on motion in arrest of judgment, or on error. If it appears on the face of the pleadings, it is fatal on demurrer. If there be a legal ground for omitting to use the name of one of several contractees as a plaintiff, as his death, &c., it is necessary to show such excuse for the non-joinder in the declaration, and to declare as surviving partner. 1 Chit. Plead. 13. For the non-joinder of the proper plaintiffs in this case, the judgment must be reversed.

The further point is made by appellant, that even admitting the right of appellee to sue without joining his co-partner as co-plaintiff, the verdict of the jury was against the preponderance of the evidence.

Appellee's right to recover undoubtedly must rest upon an *express* promise by appellant to pay for paving the street in front of his property. Appellant was under no legal obligation to improve the street, or to pay another for improving it, from which a promise to pay for the improvement when made can be *implied*. The only evidence of an express promise is that contained in the testimony of appellee. He states, in

substance, that the work was finished in December, 1875; that one evening in November, 1875, he presented the bill for the work to appellant, at his house, and that appellant promised to pay it. He is unable to state any of the attendant circumstances, or in what part of appellant's house the bill was presented, or whether any third persons were present at the time. On the other hand, appellant positively denies the conversation related by appellee, and testifies substantially, that, before the work commenced, appellee came to him with a paper, probably a draft of the contract under which the street was subsequently paved, and wished appellant and his neighbors to sign it. Appellant replied that he did not wish to sign; that he did not want a block pavement, and thought the city was going to macadamize the street, which in his opinion was better; that appellant would not, and never did agree to the proposition to pave with wooden blocks; that after the work commenced, appellee called on appellant, and wanted to know if he would have the paving done in front of his premises; that he replied in the negative, saying that he understood the street was to be macadamized, and that was what he preferred. Appellee then said they would leave appellant's property unpaved. Appellant said that was what he wanted, and that if they did pave it, he would not pay for it, but they must look to the city for pay. Subsequently, Reilley & Co. sent to appellant a messenger, between whom and appellant substantially the same conversation took place. Reilly & Co. thereupon paved around appellee's lot to the center of the street, and said they were going to leave it open. Appellant told them that would suit him, and if they did pave it they must look to the city for their pay, as he would not pay unless the city forced him to. A long while after, appellee came to ascertain if appellant would not pay them something, saying if he would do so, they would make it less than to anybody else, to which appellant replied that he did not want it done at all, and would not pay. Reilly & Co. then went on and did the work, and came to appellant for payment, and he told them to go to the city. Appellee called several times, asking for payment,

but appellant never promised to pay for the work; did not want it done, and always told him to go to the city.

There is nothing in the record showing, or tending to show, that these witnesses are not entitled to precisely the same credit. The recollection of appellant seems, however, to be much more minute and circumstantial, and for that reason alone his account of the transactions may be regarded as the more credible and convincing. While, undoubtedly, the credibility of witnesses is pre-eminently a question for the jury, still a jury has no right without sufficient reason, or out of mere caprice, to set aside the testimony of one witness and adopt as true the statements of another. We are unable, from the record, to perceive any ground upon which the jury could have proceeded in preferring the testimony of appellee to that of appellant. Even if we regard the testimony of these witnesses as equally entitled to belief, thereby leaving the evidence equally balanced, the verdict should have been for appellant, since the burden was on appellee to establish an express promise by a preponderance of the evidence.

We are inclined to the opinion that the verdict of the jury was against the preponderance of the evidence, and that for that reason a new trial should have been awarded. The judgment is reversed and the cause remanded to the court below for a new trial.

Judgment reversed.