28   39|
141m464|

LEMUEL BAILEY, Appellant, v. JACOB O'BANNON, Respondent.

Kansas City Court of Appeals, November 21, 1887.

1. PRACTICE—PLEA IN ABATEMENT, EVEN IF INSUFFICIENT AND NOT EXCEPTED TO, GOOD AFTER VERDICT—CASE ADJUDGED.—Where, in the case of a plea in abatement in an attachment proceeding, plaintiff took no exception to the plea before the trial, by motion or otherwise, nor during the progress of the trial, but treated the plea as putting in issue the truth of the facts alleged in the affidavit, and never discovered its imputed deficiency until after the jury returned a verdict against him. *Held*, the plea was certainly good after verdict.

2. —— AMENDMENT OF PLEADINGS—EFFECT OF AS TO FORMER PLEADINGS—EVIDENCE OF AS BEING ADMISSIONS, ETC.—Notwithstanding that an amended petition takes the place of the former petition, and, for the purposes of the trial and the record, the former pleading is deemed as abandoned, and no longer in the case, it is, nevertheless, competent evidence against the plaintiff as an admission, which, however, he is at liberty to explain.

3. —— EVIDENCE — PRESUMPTIONS IN ACTIONS FOR SEDUCTION. Where an action is predicated upon an allegation that the defendant has violated an existing state of chastity, the law presumes the accused to be innocent until the contrary appears, and the burden of proving it rests upon the plaintiff.

4. SEDUCTION — ACTION FOR — WHAT NECESSARY TO ESTABLISH IN ORDER TO MAINTAIN.—In an action for seduction it is not sufficient to establish the fact of the sexual intercourse, but it must be shown that the seducer accomplished his purpose by some false pretence or artifice, or that the woman was induced to yield by flattery or deception. Every illicit intercourse is not seduction.

APPEAL from Cass Circuit Court, HON. CHARLES W. SLOAN, Judge.

*Affirmed.*

Statement of case by the court.

This is an action for seduction. The petition alleges. that the plaintiff's daughter, Ollie Bailey, under the age .

·of eighteen years, was seduced by the defendant on or
·about the first day of November, 1883, in consequence
of which she became pregnant, and gave birth to a
child on the sixteenth day of July, 1885. The action is
*per quod servitium amisit.* To this was appended an
·affidavit for attachment, based upon the twelfth subdi-
vision of section 398, Revised Statutes. The trial was
had upon the issue in the plea in abatement. Verdict
·and judgment for defendant, from which plaintiff has
appealed.

The witness who testified to the carnal act was the
daughter, Ollie. She placed the time of the first inter-
course about the first of November, 1883, when she was
not quite eighteen years old. She testified that the
intercourse occurred one night coming from church, on
the road side, and that she consented on promise of
marriage then made her by defendant. This illicit
intercourse, she testified, was kept up, with short inter-
vals, until the time of her impregnation in October,
1884.

There was scarcely any evidence of a corroboratory
·character, while the evidence showed that others had
equal, if not better, opportunities for accomplishing
·such intercourse.

The defendant wholly contradicted the plaintiff in
every material particular. There were some facts and
circumstances in evidence contradictory of the testimony
of plaintiff, as to particular dates and events con-
nected with the affair. But the case turned almost
exclusively on the credibility of these two witnesses.

SAMUEL P. SPARKS and WOOLDRIDGE & DANIEL,
for the appellant.

I. The functions of a former pleading are at an
·end when an amended pleading has been filed, and such
pleading ceases to be a part of the record, and cannot
be used to contradict the amended pleading. *Bracken-
camp v. Reese,* 3 Mo. App. 585 ; s. c., 69 Mo. 426 ; *Corley
v. McKay,* 9 Mo. App. 38 ; *Machine Co. v. Pierce,* 9 Mo.

App. 576; *Brown v. Railroad*, 18 N. Y. 495; *Dennie v. Williams*, 135 Mass. 28; *Combs v. Hodge*, 21 How. 397; *Ticknor v. Voorhees*, 46 Mo. 110; *Bobb v. Bobb*, 89 Mo. 411. Rev. Stat., sect. 3579. (*a*) In the case of *Dowzlet v. Rawlins* (58 Mo. 75), the pleading was in another case, and had not been abandoned, and that case is no authority for the action of the court in the case at bar. *Corley v. McKay*, 9 Mo. App. 38. (*b*) The *obiter dictum* in *Anderson v. McPike* (36 Mo. 295) is not supported by the case in 58 Mo. 75, cited in support of it. (*c*) The deposition even of a party to the cause, which cannot be read as such, cannot be used as solemn admissions. *Priest v. Way*, 87 Mo. 16, *loc. cit.*, 27, 28, 29.

II.   A plea in abatement must directly and fully negative the allegations constituting the grounds for the attachment in the affidavit. A general denial of the truth of the allegations was not a denial of the facts contained in the allegations. Drake on Attach., 407–9; *Livingwood v. Shaw*, 10 Mo. 274; *Hatry v. Shuman*, 13 Mo. 574; *Cayce v. Ragsdale*, 17 Mo. 32; *Haywood v. Chestney*, 14 Wend. 495. (*a*) The defendant could only contest the grounds of the attachment by a plea in the nature of a plea in abatement. Drake on Attach. 407–9; Rev. Stat., sect. 438. (*b*) The peculiar office of a plea in abatement is to afford the plaintiff a better writ by pointing out the error. This cannot be accomplished by a general denial. *Cannon v. McManus*, 17 Mo. 345; 1 Chitty's Plead., sect. 446; *Wigand v. Sichel*, 42 N. Y. App. [3 Keyes] 120; *Kingsland v. Breasted*, 2 Laws, 17; *Burgess v. Abbott and Eby*, 1 Hill, 476; s. c., 6 Hill, 135. (*c*) Section 3521, allowing a defendant to answer the petition by a general or specific denial, has no application to, and does not in any way authorize, a general denial as a substitute for the plea in the nature of a plea in abatement, in attachment proceedings, required by section 438, *supra*. A general denial cannot be verified by affidavit.

III.   The law presumed that Ollie Bailey was chaste and virtuous until it was established by evidence to the

contrary, and the court erred in refusing plaintiff's first instruction. *State v. Patterson*, 88 Mo. 88, *loc. cit.* 93, at foot; *People v. Clarke*, 33 Mich. 112, *loc. cit.* 116; *Waddingham v. Waddingham*, 21 Mo. App. 607; 1 Greenl. on Evid., sect. 34-35 ; Best on Presump. Evid. 64; *Boyer v. Dively*, 58 Mo. 510 ; 4 Denio, 431 ; *The People v. Brewer*, 17 Mich. 134, *loc. cit.*

IV.   Seduction was correctly defined in plaintiff's refused instruction, being in this feature like the one given by the court of its own motion. *The State v. Patterson, supra ; People v. De Fore*, 31 N. W. Rep. 585.   The court erred in giving the third instruction for defendant, because it conflicted with the one given by the court of its own motion defining seduction.   Deceit is no element of seduction.

V.   When a particular *status* exists, the law presumes its continuance, and if a change is asserted some evidence of the change must be produced. *Cargile v. Wood*, 63 Mo. 501 ; *Fitzgerald v. Barker*, 85 Mo. 13 ; 23 Mo. App. 192.   The instructions of defendant resting the burden on plaintiff of establishing that his daughter was chaste at the time of her alleged seduction, were erroneous. *People v. Clarke, supra ; State v. Patterson, supra.*   The burden of establishing the seduction was upon the plaintiff, but there the burden shifted.

VI.   No issue should be submitted to the finding of the jury concerning which there is no proof, and the instructions as to sexual intercourse, given for defendant, were based on no evidence whatever. *White v. Chaney*, 20 Mo. App. 386 ; 2 Starke Mo. Dig. 326, title Instructions 89, and cases there collected.

VII.   An instruction that submits it to the jury to find if certain facts exist, virtually tells them there is evidence tending to prove it.   Such an instruction is calculated to mislead the jury, and is erroneous. *Breon v. Hinkle*, 13 Pac. Rep. 289.

Railey & Burney, for the respondent.
I.   The record proper herein shows that an amended

petition was filed on the eighteenth day of March, 1886, and on the same day an affidavit for attachment was filed in said cause based on the second petition. On the sixteenth day of November, 1886, defendant filed his plea in abatement. On said last date, plaintiff then filed an amended petition; and failed to file any affidavit based thereon. We, therefore, insist that the first and second petitions, having been abandoned, it carried with it the affidavits based on both of said petitions; and on the filing of the last amended petition, it *ipso facto* abandoned all former pleadings. The plaintiff was required to either re-file his original affidavit, or a new one founded upon said last petition. Having failed to do so, he had no affidavit for attachment on file, and the defendant's objections to the introduction of any evidence, for the reasons aforesaid, should have been sustained. For authorities on the subject of abandoned pleadings, see those cited by appellant under his first proposition.

II. This action is attempted to be brought under paragraph 14, of section 398, of the Revised Statutes of 1879. It reads as follows: "Where the damages for which the action is brought are for injuries arising from the commission of some felony or misdemeanor, or for the seduction of any female." We are not aware that this section has ever been construed, but submit, from the reading of it, that it is only intended to apply to personal injuries; and, therefore, would not authorize a proceeding thereunder like the one at bar. If we are correct in this conclusion, defendant's first instruction was clearly the law, and the case should have been taken from the jury. As the same result was accomplished by the verdict, the judgment should be affirmed.

III. The Supreme Court, in *Anderson v. McPike* (86 Mo. 301), say, "*prima facie*, the original answer of defendant was competent evidence against defendant." This was one of the main questions in the case, as will appear by reference to the briefs for appellant and re-

spondent on pages 296 and 297 of 86 Mo., aforesaid. The only case really relied upon to overturn the foregoing decision, is *Priest v. Way* (87 Mo. 27, 28, 29). The latter simply refers to the deposition of a party taken without her consent, without an opportunity afforded her to explain the deposition, and on the theory that to permit it to be read, would be simply to construct a trap, etc.

IV. Appellant's third proposition is as follows: "The law presumed that Ollie Bailey was chaste and virtuous until it was established by evidence to the contrary, and the court erred in refusing plaintiff's first instruction." Without undertaking to reply in detail to the authorities cited by appellant, we think it sufficient to cite the following authorities in support of the ruling of the court below. *Waddingham v. Waddingham*, 21 Mo. App. 628-9, and authorities cited; *Zabriskie v. State*, 43 N. J. Law, 630, *et seq.* "Where there are conflicting presumptions, the presumption of innocence will prevail against the presumption of the continuance of life ; the presumption of things generally ; the presumption of marriage, and the presumption of chastity." *Jayne v. Price*, 5 Taunt. 326. "And this presumption in favor of innocence is not confined to proceedings instituted with a view of punishing the supposed offence, but holds, in all civil suits, where it comes collaterally in question." *Case v. Case*, 17 Cal. 598. These statements of the law are approved by this court in the *Waddingham case* (*supra*) ; and we submit that no case cited by appellant in the least militates against this doctrine.

V. Appellant complains of the definition of seduction contained in the instructions. Now this language is used by the court in *Commonwealth v. McCarty* (2 Clark 135), and is expressly approved by our Supreme Court in *State v. Patterson* (88 Mo. 88, 94) : "If without being deceived, and without any false pretense, deceit, or artifice, she voluntarily submitted to the connection, the law affords her no remedy." *Smith v. Melburn*, 17 Iowa, 30.

" As there is no evidence tending to show a false prom-
ise, or any deceit, or artifice, she is not entitled to re-
cover. * * *" *Baird v. Boehner*, 33 N. W. Rep. 694.
We think the instructions, taken as a whole, were cor-
rect upon that point.

VI. This case shows the remarkable fact that
plaintiff introduced a mass of testimony upon his part,
about the defendant's visits to see Ollie Bailey, and to
take her to church, etc., from October, 1883, to October,
1884; about his having intercourse with her at intervals
of a week between those dates; about his being the
father of her child, born in 1885; and even exhibited
the child in her arms, swearing it was defendant's.
And then at the close of his case, of his own motion,
has it all withdrawn from the jury, so far as an instruc-
tion of the court could withdraw it, so as to preclude
defendant from introducing evidence to contradict or
dispute the above statements. And the defendant was
actually not permitted to deny that he had visited the
said Ollie between the dates aforesaid; nor to deny that
he had had intercourse with her in 1884; nor to show,
by Isley, that he had seen her in the month of October,
1884, the month she became pregnant, on the bed with
another man in her bedroom in her father's house.
With all of these advantages, plaintiff fails to get a ver-
dict; and he now comes to this court and quotes and
relies upon and actually italicises the evidence upon his
part which he had the court tell the jury was excluded
from their consideration. The case ought to be af-
firmed.

PHILIPS, P. J.—Various errors are assigned as
grounds for reversing the judgment of the lower court,
which will be considered in their order.

I. The insufficiency of the plea in abatement is
raised at this hearing. The statute (sect. 438) prescribes
that the plea in abatement shall put "in issue the truth
of the facts alleged in the affidavit on which the attach-
ment was sued out." The plea in question is as follows:

"Now comes said defendant, for his plea in abatement herein, denies the truth of every allegation or statement set forth in plaintiff's affidavit for attachment in this cause."

Plaintiff's contention is that the plea must be a specific denial of the facts alleged in the affidavit as grounds of attachment.

We deem it sufficient, for the purposes of this case, to say that plaintiff took no exception to this plea before the trial, by motion or otherwise, nor during the progress of the trial, but treated the plea as putting in issue the truth of the facts alleged in the affidavit, and never discovered its imputed deficiency until after the jury returned a verdict against him. The plea was certainly good after verdict. Rev. Stat., sects. 3569-3581-3586.

II. It is assigned for error that the circuit court improperly permitted the defendant to put in evidence the former petitions filed in this cause by the plaintiff. It appears from the original petition, filed October 12, 1885, that the date of the alleged seduction was laid "on or about the first day of November, 1884." In March, 1886, the plaintiff filed an amended petition, in which the date of seduction was laid "as of the fifteenth day of October, 1884." The second amended petition, on which the cause was tried, was filed November 16, 1886, in which the date of seduction was alleged to be November 1, 1883. The proximate date of this seduction became quite material at the trial, especially in view of the fact that the plaintiff was seeking to exclude, and actually succeeded in excluding, certain evidence offered by the defendant, on the ground that the first act of seduction occurred in November, 1883. The defendant, therefore, offered in evidence the first two petitions filed by plaintiff, as bearing on this issue. It is not disputed that an amended petition takes the place of the former petition; and for the purposes of the trial and the record the former pleading is deemed as abandoned, and no longer in the case. But it does not follow that this should prevent the opposite party, under circumstances

like these, from employing the abandoned pleadings in evidence as admissions, and contradictory statements by the pleader. I recall the case of *Hodges v. Torrey* (28 Mo. 99–103), in which Judge Scott strongly animadverts upon the fact of the inconsistency between the successive answers filed therein by the defendant; and that he drew therefrom unfavorable inferences to the justice of the claim set up by defendant in the latest answer. Certainly it would have been competent to put the former answers in evidence if it was admissible for the court to consider the defendant's cause as weakened by the inconsistency or contradiction in the allegations contained in them taken as a whole. This question, as I conceive, was directly involved in the ruling of the Supreme Court in *Anderson v. McPike* (86 Mo. 293). There a former answer, in the pending cause, was put in evidence by the plaintiff.

This action of the trial court was assigned for error. It is obvious that the learned counsel, concerned in that case for the defendant, hardly questioned the competency of the evidence; but insisted that the answer should not have been admitted by the court without preliminary proof showing that the attorney who filed it was authorized thereto by the defendant. The court say: "*Prima facie* the original answer of defendant was competent evidence against the defendant."

Although the learned counsel for plaintiff asserts that the case of *Dawzelot v. Rawlings* (58 Mo. 75), is not relevant, as it merely decided that admissions made in pleading in another suit may be used against the party, yet, Sherwood, J., thought otherwise, as he cites this case in support of the assertion above quoted, he writing both opinions. Indeed, it is to me strange logic that would admit the pleading of the party in another action as an admission, while excluding it in the very cause in which it was filed. It is the formal statement of the party, which, of course, he is at liberty to explain, just as was done by the testimony of plaintiff's counsel in this case.

The case of *Priest v. Way* (87 Mo. 17) merely holds that a deposition of a party, taken by the adverse party, is inadmissible as a deposition when the party is present in court and may be examined orally; and the deposition being excluded as such it would be an evasion to hold that it might yet be employed against him as an admission. It would be but a trap to permit the party who has resorted to the questionable practice of taking the adversary's deposition, solely, as is too often the case, for the purpose of ascertaining his case, to permit him to use it as an admission when circumstances at the trial make it to his advantage thus to employ it.

The case of *Anderson v. McPike* is the last direct utterance of the Supreme Court on the question under review, and we will follow it.

III. The refusal of the court to give the following instruction is assigned for error:

"The only issue for the jury to determine is whether the defendant seduced Ollie Bailey, the daughter of plaintiff. Seduction is the act of a man inducing a woman to commit unlawful sexual intercourse with him. If the jury believe, from the evidence, that the said Ollie Bailey was a chaste and virtuous unmarried female, and that while she was so chaste and virtuous, and unmarried, the defendant, by some art, blandishment, persuasion, or promise, led her aside from the path of virtue, on or about the month of October, 1883, and thereby induced her to have, and she did have, sexual intercourse with him; whether by such intercourse the said Ollie Bailey became pregnant or not, you will find the issues for the plaintiff. *And you are further instructed that the law presumes that said Ollie Bailey was chaste and virtuous up to the time she admits that she had sexual intercourse, and this presumption continues until it is overcome by evidence that reasonably satisfies you that she was unchaste.*"

The court gave all of said instruction, save the portion in italics. We are unable to perceive how the plaintiff could possibly have been injured by the omis-

sion of that part of the instruction. The converse of the proposition was not announced by the court in any declaration of law given. I am unwilling to believe that any jury need to be told to indulge a presumption in favor of the original continence of woman in this country. The law which makes the presumption, in a proper case, is but the reflection of the universality of this sentiment among a highly civilized people. The law presumes every man honest ; but even in an action for fraud the defendant may not be entitled to an instruction as to such presumption. It is simply a question as to the weight of evidence touching the particular transaction. 1 Whart. Evid., sect. 47 ; *Simpson v. Westenberger*, 28 Kan. 759. As is said in *West v. State* (1 Wis. 209) : "But these excellent and humane presumptions, so pregnant with the testimony which they bear to the dignity and honor of human nature, are always to be used, in the administration of justice, as a weapon of defence, not of assault. They are the shield of the accused, not the sword of the prosecutor. \* \* \* If the prosecutrix were to change places, and were she indicted for lascivious conduct, then, indeed, the legal presumption would come to her aid and her chastity would be presumed. But when the state accuses one of its citizens with the violation of the chastity of another of its citizens by seduction, the law presumes the accused to be innocent of the entire offence until the contrary appears. The state cannot be permitted to presume the immediate preëxistence of that chastity with the destruction of which the defendant is charged. One act of illicit intercourse affords no presumption that another has not preceded it. The error consists in the instruction which the court gave the jury to the effect that the law presumed that she was previously of a chaste character, independent of any proof whatever."

In the case at bar the plaintiff is not invoking the presumption of his daughter's chastity as a weapon of defence, where it is assailed, but he is attempting to use

it as a weapon of offence in an action predicated upon an allegation that the defendant has violated an existing state of chastity. The burden rested on him. And where he admitted the act of incontinence with the defendant, why the presumption should be indulged in favor of an immediate preëxisting state of chastity is not clear to my mind.

IV.   Complaint is made of the following instruction given on behalf of defendant:

"The jury are instructed that in law seduction means to deceive, to corrupt, and to draw aside from the path of virtue one who, at the time she is approached, is honestly pursuing that path, and that seduction can only operate upon one who was previously chaste. Therefore, unless the jury believe, from the preponderance of the evidence, that the defendant, by means of inducements or promises, deceived and misled Ollie Bailey, about the month of October, 1883, and that she was, prior thereto, of chaste character, and by means of such inducements and promises had sexual intercourse with her, you will find the issues for the defendant."

The objection is, that "deceit is no element of seduction, for it may take place without any deceit being practiced." The language of the instruction, it must be observed, is:   "Seduction means to deceive, to corrupt, to draw aside from the path of virtue," etc.   In this connection the term could not reasonably convey to the mind of the jury any other idea than that the means employed was to draw the female aside from the way of virtue, being deceived into the act.   For if she consented to the commerce from a mutual desire the plaintiff would have no cause of action.   *Comer v. Taylor,* 82 Mo. 341.

In the case of *State v. Patterson* (88 Mo. 94), the Supreme Court quote approvingly the language of Lewis, P. J., in *Commonwealth v. McCarty* (2 Clark, 135):   "To constitute the offence several ingredients are requisite : (1) Seduction.   This is to corrupt, to *deceive,* to draw aside from the right path.   Every illicit intercourse is not seduction."   So in *Smith v. Milburn* (17

Iowa, 31): "The act of sexual intercourse alone does not constitute the crime of seduction. It must be accomplished by false promise, artifice, or *deception*, to constitute the crime." And, again, in *Baird v. Boehner* (33 N. W. Rep. 694): "In an action for seduction, it is not sufficient to establish the fact of the sexual intercourse, but it must be shown the seducer accomplished his purpose by some false promise or artifice, or that the woman was induced to yield by flattery or deception."

V. We will not review in detail all the instructions. Taken as a whole the plaintiff got more than the law entitled him to. The only errors committed by the trial court were in favor of the plaintiff. The plaintiff made out a case of little strength. The daughter's conduct in indulging so freely and frequently in the intercourse with defendant for a year previous to the period of conception, without protest or complaint; and her own language "I don't have to," when the defendant, according to her own testimony, first proposed the cohabitation to her on an offer of the sum of five dollars, or a ring, and the readiness with which she yielded on the suggestion of a marriage, were not calculated to impress a jury favorably with her preëxisting chastity, or with the essential qualities of seduction. We will not disturb the verdict.

Judgment affirmed. Ellison, J., concurs. Hall, J., absent.