27 P. 875 
1 Colo.App. 90
 HOCKADAY v. GOODWIN. 
Court of Appeals of Colorado
October 12, 1891

 
 Appeal
 from district court, Chaffee county; JOHN CAMPBELL, Judge.
 
 
 Richard
 W. Hockaday replevied two horses and a wagon from William W.
 Goodwin. Judgment for defendant. Plaintiff appeals. Reversed.
 
 
 W.D.
 Wright, for appellant.
 
 
 G.R.
 Hartenstein, for appellee.
 
 
 [1
 Colo.App. 91] REED, J.
 
 
 This
 was an action of replevin brought by appellant for the
 possession of two horses and a wagon. Plaintiff's right
 to recover was based upon a chattel mortgage executed by one
 William F. Gardner on the 29th day of November, 1887. Gardner
 was in possession of the property at the time by virtue of a
 purchase alleged to have been previously made from one F.
 Tibbitts. Goodwin, the defendant, gained
 [27 P. 876.] 
 possession of the property by an alleged purchase from
 Tibbitts made on the 13th day of December following. No
 questions of law are presented. The proceedings of the court
 were correct and unquestioned, and the instructions to the
 jury correct. It is claimed that the verdict of the jury was
 not only unwarranted by the evidence, but in direct conflict
 with it, and that the instructions of the court were
 willfully disregarded. Such claims are shown by the record to
 be well founded. The court erred in not setting the verdict
 aside. Aside from the general verdict required of the jury,
 there were some 10 or 12 questions submitted upon which it
 was to make special findings. The general verdict was not
 supported or warranted by the evidence, while several of the
 special findings, notably, 1st, 2d, 7th, 8th, and 11th,
 directly contravene all the evidence in the case. The court
 seems to have regarded the verdict as excessive and
 unwarranted by the proof in the amount of damages awarded,
 and required $75 to be remitted from the sum of $250, which
 was a very proper requirement, as the amount awarded exceeded
 the value by that amount as fixed by the owner at the time of
 the alleged sale. "A verdict of a jury which is clearly
 against the evidence should be set aside." Keating v.
 Pedee, 2 Colo. 526. The rule of this court, as announced in
 Green v. Taney, 7 Colo. 278, 3 P. 423, is "that this
 court will only interfere where, upon the whole record, it
 appears that the jury acted so unreasonably in weighing
 testimony as to suggest a strong presumption that their minds
 were swayed by passion or prejudice, or that they were
 governed by some motive other than that of [1 Colo.App. 92] 
 awarding impartial justice to the contending parties."
 Examination of the record in this case shows it is clearly
 within the exception to the rule as announced in that case. A
 more willful or flagrant disregard of evidence and
 instructions, and greater exhibition of prejudice, can hardly
 be found. The judgment will be reversed, and the cause
 remanded.