27 P. 876 
1 Colo.App. 137
 HARASZTHY et al. v. SHANDEL. 
Court of Appeals of Colorado
October 12, 1891

 
 Appeal
 from district court, Arapahoe county; W.S. DECKER, Judge.
 
 
 Replevin
 by Arpad Haraszthy & Co. against Oppenheimer, and Mrs. Bertha
 Shandel, intervener, for a lot of liquors. Judgment for Mrs.
 Shandel, the intervener. Plaintiffs appeal. Affirmed.
 
 
 Joseph
 N. Baxter, for appellants.
 
 
 H.E.
 Luthe, for appellee.
 
 
 BISSELL,
 J.
 
 
 This
 controversy grew out of the transactions between one
 Oppenheimer and Mrs. Shandel, the appellee. Early in 1889,
 Oppenheimer bought a very considerable quantity of wine and
 similar goods from the appellants in San Francisco, and
 settled for them with his acceptances due in [1 Colo.App.
 138] 30 days. The goods were shipped to Denver, and held by
 the railroad company for the freight and transportation
 charges. In order to get possession of the goods for the
 purposes of his business, he negotiated a loan with Mrs.
 Shandel for enough money to pay these charges, and leave
 himself a small balance. It appeared that prior to the time
 of this transaction Oppenheimer had become indebted to either
 Mrs. Shandel or her husband in a little upwards of $200, of
 which indebtedness Mrs. Shandel was undoubtedly the legal
 owner at the time of the latter transaction. The loan was
 made upon condition that this pre-existing indebtedness be
 treated as a part of it, and be secured in the same way that
 the money to be advanced was provided for, to-wit, by a
 surrender and pledge of the goods to Mrs. Shandel as security
 for a return of the eight hundred and odd dollars. The loan
 was made, and the goods were put into Mrs. Shandel's
 possession, and she was holding them as security for her
 advances when this suit was brought. After the shipment and
 pledge of the goods, Haraszthy & Co. became satisfied that
 Oppenheimer did not intend to pay for them, and that the
 transaction was of that fraudulent character which gave them
 a right to rescind the sale. Acting upon this theory, they
 brought a replevin suit in the county court, and took the
 goods under the writ. Oppenheimer defended, and Mrs. Shandel
 intervened, set up her claim for the advances and the pledge
 of the goods at the time of the loan, and prayed for relief
 accordingly. Haraszthy & Co. in their reply set up what they
 alleged to be the fraudulent character of the transaction as
 between them and Oppenheimer; denied the pledge for the
 advances, and then pleaded a conspiracy, as between the
 intervener and Oppenheimer, which, if proven, would have
 debarred Mrs. Shandel from any right to hold the goods as a
 security. The trial resulted in a judgment in favor of the
 appellants, and Mrs. Shandel alone appealed to the district
 court, where the cause was again tried, and resulted in a
 judgment in her favor. Haraszthy & Co. appeal, and assign
 various errors, of [1 Colo.App. 139] which it will only
 [27 P. 877.] 
 be profitable to discuss those which are disposed of in the
 opinion.
 
 
 During
 the progress of the trial in the district court the
 appellants sought to introduce in evidence the pleadings and
 judgment against Oppenheimer in the county court as bearing
 upon the question of the right of Haraszthy & Co. to rescind
 the contract. The proof was properly excluded. Under the
 issues, the inquiry in the district court was as to the
 advances made by Mrs. Shandel to Oppenheimer, and the
 existence or non-existence of a conspiracy between them to
 defraud Haraszthy & Co. out of their goods. The pleadings and
 judgment in the county court, as between Haraszthy & Co. and
 Oppenheimer, would in no manner have tended to throw light
 upon this conspiracy, but would have brought another issue
 into the case not made by the pleadings, and would have been
 prejudicial to the assertion of whatever rights Mrs. Shandel
 may have had. In so far as those pleadings were a part of the
 case which was tried in the district court, it was wholly
 unnecessary to introduce them in evidence, since they could
 have been used for all legitimate purposes without the offer,
 and they were not otherwise available for the purposes of
 proof.
 
 
 It is
 insisted that the court erred in refusing some instructions
 which were asked by the appellants. It is enough to say,
 generally, that the instruction presented upon the subject of
 the right of the appellants to rescind the contract was
 wholly inapplicable to the issue which was being tried, and,
 though perhaps good as a legal proposition, was properly
 refused, because it tended to embarrass the jury with an
 issue which was not before them. Some of the instructions
 which were asked on the subject of the knowledge which it was
 asserted Mrs. Shandel had of Oppenheimer's intention to
 defraud Haraszthy & Co. were too broadly expressed to be an
 accurate statement of the law applicable to the case, and
 they were not justified by the evidence which had been
 introduced. The others on that branch of the case were fully
 covered by the eminently fair charge of the court [1
 Colo.App. 140] to the jury. The other instruction refused,
 whereon error is assigned, states the law to be that a
 pre-existing debt is not such a valuable consideration as
 will uphold the pledge in the hands of the pledgee against a
 creditor who has a right to rescind the sale and recover the
 goods from his vendee. Much learning is to be found in the
 books touching the character of a pre-existing debt as a
 consideration for the sale of real and personal property when
 the transfer is assailed by existing creditors. A revival of
 the discussion or a defense of the doctrine announced would
 be entirely superfluous. In this state the question has been
 set at rest, and it is well settled that a pre-existing debt
 is a good consideration to support the transfer of property,
 as against existing creditors, unless the bona fides of the
 transaction can be otherwise impeached. The action of the
 court below was in harmony with the law laid down by the
 supreme court of the state. Knox v. McFarran, 4 Colo. 586;
 McMurtrie v. Riddell, 9 Colo. 497, 13 P. 181; Bank v.
 McClelland, 9 Colo. 608, 13 P. 723.
 
 
 With
 reference to the other error assigned, that the verdict was
 unsustained by the testimony, it need only be said that it
 was rendered on conflicting testimony, and upon any
 consideration of the preponderance of evidence the verdict of
 a jury is entirely conclusive. Kinney v. Wood, 10 Colo. 270,
 15 P. 402. Perceiving no substantial error in the record, the
 judgment will be affirmed.