## WILLIAM P. FAIRBANKS ET AL.

### v.

## S. S. BADGER.

*Contracts—Evidence—Admissions in Chancery—Misjoinder.*

1. The admissions of a party to a fact, no matter when or where made, are evidence against him.

2. The statement of the names of the parties complainant to a bill in chancery is the substantial averment of a fact, and is in no manner a pleading, in the sense that admissions by way of pleading merely are not evidence against the party employing them.

3. While there is a conflict in the authorities upon the subject of the admissions of a party in a chancery suit being receivable in a suit at law, this court holds that where, as in the case presented, the admission was of a fact, and the bill was sworn to by an agent whose authority and knowledge of the fact was not disproved or denied, and the subject-matter of the bill was identical with that in the suit at law, and where the counsel who prepared the bill and signed the complainant's name to it, was on the witness stand when the bill was introduced in evidence, and

did not deny his or his firm's authority to sign the bill for the complainants, and the objection to the admission of the bill was merely as to its relevancy, that the fact was properly before the jury as an admission that should be considered by them.

4. The declaration in a given case consisting of the common counts only, with no copy of the contract involved attached, under the plea of the general issue, nonjoinder or misjoinder of parties plaintiff can be shown

5. The parties complainant in the bill referred to herein, and the parties plaintiff to this suit not being the same, this court holds that the burden of proof was upon plaintiffs to show who constituted the plaintiff firm, and that, failing to do so, a misjoinder of parties was established. Likewise that the burden was upon the plaintiffs to show that the sale of stock out of the proceeds of which it was provided they should be paid had been made or was unreasonably delayed, and that they utterly failed to do so.

[Opinion filed January 7, 1893.]

Appeal from the Superior Court of Cook County; the Hon. Theodore Brentano, Judge, presiding.

Messrs. Ashcraft & Gordon, for appellants.

Messrs. Gregory, Booth & Harlan, for appellee.

Mr. Justice Shepard. On and prior to March 30, 1885, the appellee was engaged in establishing electric light plants, and seems to have depended upon the sale of stock in the companies organized, to get money to pay for the cost of construction.

At that time appellants were engaged in the sale of machinery and supplies at Chicago, and, being desirous of purchasing an engine and appurtenants with which to establish a plant at Keokuk, Iowa, the appellee submitted an order to appellants as follows:

"Chicago, March 30, 1885.
Messrs. Fairbanks, Morse & Co.,

*Gentlemen:* Please furnish me one 11 x 10 standard automatic cut-off Westinghouse engine, with two fly-wheel pulleys, 38 x 13 in.

One boiler 60 in. diameter by 15 ft. long of C. H. No. 1

iron, together with full fronts, stack, guy-rods and all fittings.

One No. 1 duplex steam-pump, Smith-Vaile.

One No. 1 Beryman feed water-heater.

One No. $17\frac{1}{2}$ Hancock inspirator, and necessary pipe to make steam and exhaust connections.

To be delivered f. o. b. cars at Keokuk, Iowa, for which I agree to pay the sum of twenty-eight hundred and fifty dollars ($2,850.00), to be paid out of the sales of the stock of the Badger Electric Co., of Keokuk, to be disposed of as quickly as possible.

I also agree to issue to Fairbanks, Morse & Co., stock to the amount of the above sum, as collateral to secure the above payment, and to pay six per cent per annum upon the above amount until paid for.

Yours truly,<br>S. S. BADGER."

The order was accepted by appellants, acting through their agent, one Gilbert, and the engine, boiler, etc., were delivered on May 1, 1885, and other goods ordered and received to the amount of $205.14.

By arrangement, $55.15 was paid by appellee on the account as it then stood, and thereby the balance was reduced to an even $3,000.

On July 9, 1885, the plant being completed, the capital stock of the Badger Electric Co. of Keokuk, amounting to $35,000, par value, was issued to the appellee, and he delivered $3,000 of it to appellants as collateral security.

Appellee failed to pay the $3,000, and in March, 1887, a bill in chancery was filed to foreclose the shares of stock held as collateral by the appellants.

That bill was never prosecuted to decree. Then, in the latter part of 1887, this suit in assumpsit was brought upon the written contract above set forth, and the controversy on the merits, below, was as to whether there had been a sale of the stock by appellee, within the meaning of this contract. The jury found for the defendant (appellee) and judgment on the verdict was entered. The record shows

no instructions given or asked, on either side. The verdict may, therefore, be held to have been found upon any fact appearing in the record.

On the trial no proof was made by the plaintiffs (appellants) as to who constituted the firm of Fairbanks, Morse & Co. Such proof was not necessary in the first instance, because of the intervention of the statute. (Sec. 35, Chap. 110, R. S.)

The plaintiffs called as a witness Mr. Cummins, who was one of the counsel who filed, for Fairbanks, Morse & Co., the bill in chancery referred to, and he testified to the fact of the filing of that bill to foreclose on the collateral security. It then became competent for the defendant to offer in evidence, on cross-examination, the bill itself, no objection on the score of the irregularity of such evidence on cross-examination having been interposed, and the bill was duly identified by the witness and offered and received in evidence against the objection of irrelevancy alone.

The bill was clearly relevant to the issues. The declaration consisted of the common counts only, with no copy of the contract attached. Under the plea of the general issue to such a declaration, non-joinder or mis-joinder of parties plaintiff, could be shown. Snell v. DeLand, 43 Ill. 323; Tulley v. Excelsior Iron Works, 115 Ill. 544; Dinet v. Reilly, 2 Ill. App. 316.

The bill alleged that the complainants named therein, Charles H. Morse and George S. Foster, are partners under the firm name of Fairbanks, Morse & Company, and, as such, complain of S. S. Badger, the defendant, in consequence of the identical writing or contract sued on in this case.

In this case, under consideration, the plaintiffs are, "William P. Fairbanks and Charles H. Morse, copartners under the firm name and style of Fairbanks, Morse & Company."

If the allegations of the bill in chancery were competent evidence as admissions against the appellants as to who constituted the co-partnership firm suing, the evidence of mis-joinder and non-joinder, thus furnished, was sufficient to shift back upon the appellants the burden of showing who

comprised the plaintiff firm, and they failed altogether to
furnish any such proof.

The bill in chancery received in evidence was signed in
the name of Charles H. Morse and George S. Foster, the
complainants, by McClellan & Cummins, their solicitors,
and was sworn to by Albert M. Gilbert, the person who
made the contract sued on, as agent for the firm of Fair-
banks, Morse & Company. Gilbert's affidavit to the bill
states that he is the agent of the complainants, and knows
the contents of the bill, and that the same are true of his
own knowledge, except as to the matters therein stated on
information and belief, and as to such matters he believes
the bill to be true.

Gilbert was not called to disprove his authority to act as
the agent of the complainants in the matter of the chancery
suit, nor was Mr. Cummins, who was on the witness stand
when the bill was introduced in evidence, and who was one
of the solicitors who prepared the bill and signed it in the
complainants' names, asked to testify to or deny the author-
ity of his firm, as solicitors, to sign the names of the com-
plainants thereto.

The statement of the names of the parties complainant to
a bill in chancery is the substantial averment of a fact, and
is in no manner a mere pleading in the sense that admissions
by way of pleading merely are not evidence against the
party employing them.

"The admissions of a party to a fact, no matter when or
how made, are evidence against him—no matter if they be
found in an answer in chancery, in a letter, or proved in
some other mode. They are still his admissions, and can be
used against him." Robbins v. Butler, 24 Ill. 387.

"We are clearly of opinion that it is wholly immaterial
whether the answer was or was not sworn to by plaintiffs
in error. It, like a letter or other statement in writing,
admitting a fact, is evidence of the admission." Daub v.
Englebach, 109 Ill. 271. In the same line are the authori-
ties of Dowzelot v. Rawlings, 68 Mo. 75; Anderson v.
McPike, 86 Mo. 293; Bailey v. O'Bannon, 28 Mo. App. 39;
K. & S. R. R. Co. v. Horan, 30 Ill. App. 552.

We are aware of the numerous authorities, conflicting and distinguishing, upon the subject of the admissions of a party in a chancery suit being receivable in a suit at law.

But we think that here, where the admission was of a fact, and the bill was sworn to by an agent whose authority and knowledge of the fact was not disproved, or even denied, and the subject-matter of the bill was identical with that in the suit at law, and where the counsel who prepared the bill and signed the complainants' names to it, was on the witness stand when the bill was introduced in evidence, and did not deny his, or his firm's authority to sign the bill for the complainants, and the objection to the admission of the bill in evidence was one merely as to its relevancy, that the fact was properly before the jury as an admission that should be considered by them. We do not hold that it was a conclusive admission, but that it was sufficient to shift the burden of disproving it back upon the appellants.

The admission was thus, in our opinion, properly in evidence before the jury. If permitted to stand, as it was, uncontradicted and undenied, a mis-joinder of parties plaintiff was established, and the verdict was justifiable on that ground alone.

Again, upon the merits we think the verdict and judgment were manifestly right. The true construction of the written contract was that the indebtedness should be paid out of sales of the stock of the Keokuk Company, to be sold as soon as possible.

The burden was upon plaintiffs to show that a sale of the stock had been made, or that one was unreasonably delayed. The facts proven do not sustain either conclusion. It would serve no good purpose to rehearse the evidence on that question.

We think the evidence warranted the jury in finding, as they evidently did find, that when the $55.14 was paid by Badger, it was the understanding that the other $150 should be added to the $2,850, and the credit should be increased to $3,000.

The judgment of the Superior Court will therefore be affirmed. *Judgment affirmed.*