## West Chicago Street Railroad Company v. Herman Loewe.

1. ADMISSIONS—*When Pleading may be Taken as.*—A plea in the record, although no evidence is offered under it, may be taken as an admission against the party pleading it.

2. VERDICTS—*When Not to be Upheld.*—Verdicts of juries, upon facts, must generally be upheld, but not upon evidence that impresses the court with a suspicion of falsity.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Heard in this court at the March term, 1895. Reversed and remanded. Opinion filed May 16, 1895.

EGBERT JAMIESON and VAN VECHTEN VEEDER, attorneys for appellant.

L. M. ACKLEY, attorney for appellee; BRANDT & HOFFMANN, of counsel.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

On the 5th of November, 1891, the appellee received the injuries for which this suit was brought, while alighting from an open grip car on one of the cable lines operated by the appellant in Chicago.

According to his testimony the appellee was thrown, by a sudden stop of the car, from the foot board of the car upon

which he had stationed himself for the purpose of being ready to step to the ground as soon as the car should stop in response to a notice or request that he had given to the conductor of his desire to alight.

He testified that he had never before ridden on a cable car; that when he stepped down on the foot board the car was running at full speed; that suddenly "the gripman stopped the car so quick that it sounded as if the car had struck something. There was a noise as if the car struck something and I went into the air."

The only witness who corroborated the appellee as to how the accident happened was one Lenke. Without going into particulars, it is enough, in this connection, to say that the testimony of the witness presents numerous internal indications of unreliability.

The suit was begun March 16th, and the declaration was filed March 22, 1892. That declaration consisted of three special counts. A year and a half later, and on September 18, 1893, two additional counts to the declaration were filed.

The gist of the negligence charged in each of said five counts was a sudden moving forward of the car, with a jerk or jolt, after having come to a stand, or a suddenly increased speed, with a jerk, after a slacking up, whereby the plaintiff, being about to alight, was thrown.

Two years and a half after the original declaration was filed, and on October 11, 1894, three additional counts to the declaration were filed, and then, for the first time, the gist of the negligence that was charged, was the act that plaintiff, and the witness Lenke, testified to, viz., a sudden checking and lessening of the speed of the car, whereby the plaintiff, being about to alight, was thrown.

The last three additional counts are not merely variant from the first five counts, but are diametrically opposed to them. Now, while the counts were not offered in evidence, they were in the case, and were before the court below on the motion for a new trial, whether the judge looked at them or not; Haraszethy v. Shandel, 27 Pac. Rep. 876; and

we are entitled to look at the whole record. They are admissions against the party pleading them. Robbins v. Butler, 24 Ill. 387; Fairbanks v. Badger, 46 Ill. App. 644, and cases there cited; Soaps v. Eichberg, 42 Ill. App. 375.

The witness Lenke, testified that he saw the accident; that he was passing within ten feet of the plaintiff when he was thrown, and although the plaintiff was knocked senseless by his fall and was dreadfully hurt, and lay insensible, he, the witness, passed right on, without saying a word or making an inquiry, or observing whether there were any other passengers, or a conductor, or anybody except the gripman, on the train, yet notwithstanding his indifference and insensibility, making a note, while on the spot, of the day of the week and month, hour and minute, and the number of the car, and said nothing about the case until three weeks later when he met plaintiff's nephew in a saloon, and then heard for the first time who it was that was hurt; that thereafter he talked to no one about the case until "about two months ago," when he talked with plaintiff's attorney, in company with the plaintiff, who he then met for the first time.

The accident happened in November, 1891; the suit was begun in March, 1892; the witness testified at the trial begun on December 13, 1894. "Two months ago" from December 13, 1894, was within two days of the date on which the additional counts, setting up the new cause of injury, were filed. Considering these circumstances, the fact that appellee must have told, and testified that he did tell, his attorney, in March, 1892, how the accident happened, the counts of the declaration then filed setting up the manner of the accident as it then was understood, the effect of such admission in plaintiff's pleadings and the testimony of four or five witnesses for the appellant that the accident happened by the appellee jumping off backward while the car was at full speed, we think there was such a preponderance of evidence in favor of the defense as justifies us in remanding the cause for another trial.

The appellee's present version of the manner of the acci-

dent must be regarded with a good deal of incredulity, under the circumstances.

Verdicts of juries upon facts must generally be upheld, but not upon evidence that is so suspicious as that of Lenke.

We can not shut our eyes to the situation surrounding us under which witnesses to most important facts make their sudden appearance just on the eve of the trial of personal injury causes. It is not often that their guise is so transparent as in this case.

The judgment is reversed and the cause remanded.