## The Fair v. Rudolph Hoffmann.

1. PRACTICE—*Rule Limiting Number of Instructions to be Presented is Unreasonable—When Not Ground for Reversal.*—A rule which limits the instructions to be presented to a given number is unreasonable, but such error is not ground for reversal unless it appear that appellant was injured thereby.

2. SAME—*Action of Trial Court Not Assigned for Error Can Not be Availed of Here.*—When the action of the trial court is not assigned for error it can not be availed of in this court.

3. APPELLATE COURT PRACTICE—*When it is the Duty of This Court to Set Aside a Verdict.*—It is the duty of this court, when the finding of the jury is palpably against the evidence, or there is no evidence to sustain it, to set aside the verdict and to order a new trial, or to reverse without remanding.

4. SAME—*Presumption When Record Does Not State that Instructions Therein Are All that Were Tendered.*—In the absence of a statement in the record that the instructions shown are all that were tendered, an appellate tribunal will presume that the omitted instructions contained the law as laid down in the one that was refused and that the instructions taken as a whole are correct.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed December 3, 1903.

November 16, 1900, appellee, a seller of sewing machines, was driving northwest along Lincoln avenue in the city of

Chicago, seated in a one-horse buggy. The buggy top was up and a sewing machine was fastened in the rear of the buggy box. He sat in the driver's place. The witness Stern was seated at his left. As they came to the intersection of Bernice avenue, an east and west highway, a two-horse wagon owned by appellant was being driven at a trot to the west along the latter avenue. While appellee was crossing this intersection the wagon swung into the crossing, turned north along Lincoln avenue and passed appellee. It is in dispute whether or not the wagon struck the buggy. It is undisputed that at that moment appellee's horse fell down, that the harness was broken, that one thill was splintered, the shafts of the buggy were torn from the buggy, both axes were bent, one leg of the sewing machine was broken, and that appellee was thrown over the dashboard upon the horse or the ground, and thereby suffered the personal injuries of which he complains. The trial resulted in a judgment for appellee, from the entry of which this appeal was perfected.

PAM, CALHOUN & GLENNON, attorneys for appellant; ALBERT E. DACY, of counsel.

BRANDT & HOFFMANN and L. M. ACKLEY, attorneys for appellee; OSCAR C. MILLER, of counsel.

MR. JUSTICE BALL delivered the opinion of the court.

The motions of appellee to strike the bill of exceptions from the files and to dismiss the appeal are overruled.

The printed book filed in this case is not an abstract so much as it is a transcript of the record. If counsel will put the testimony of witnesses in narrative form, except where objection is made, it will lessen our labors.

We do not fully understand the first point made by appellant. It is headed "The law applicable to the evidence of Max West." Then follows a copy of the opinion of this court in the Loewe case, 58 Ill. App. 606. Not a word of the evidence of West is referred to, nor is any comment made upon such evidence. West, a painting con-

tractor, testified that at the time and place of the accident he was walking northwest along the east side of Lincoln avenue; that it was raining and snowing; that he saw the buggy going along in the car tracks, and the Fair wagon come out of Bernice avenue into Lincoln avenue, swinging around to the northwest; that the left-hand wheels of the wagon struck the right-hand wheels of the buggy, the horse fell down and one man fell out of the buggy; that witness started over to the disabled buggy, but when he saw appellee get up and busy himself about the wreck, witness did not stop, but went on his way. In the Loewe case "the plaintiff was knocked senseless by his fall and was dreadfully hurt," yet the witness "passed right on, without saying a word." Here, as is shown, the circumstances did not call upon West to assist appellee and his companion. The jury saw and heard West testify. He was not impeached, unless by his own testimony, and therefore we can not say that the jury were in the wrong in crediting his evidence.

The second point made by appellant is that the judgment is manifestly against the weight of the evidence. It is the duty of this court "where the finding of the jury is palpably against the evidence, or there be no evidence to sustain it," to set aside the verdict and to order a new trial, or to reverse without remanding. (C., B. & Q. R. R. Co. v. Hazzard, 26 Ill. 373; Ill. Steel Co. v. Kinnare, 93 Ill. App. 83; Pardridge v. Gilbride, 98 Ill. App. 134; C., B. & Q. R. R. Co. v. Rosenfeld, 70 Ill. 272; P. & P. U. Ry. Co. v. Barton, 38 Ill. App. 473.) Appellee testified that the Fair wagon struck his buggy but he did not see it. Stern, who was riding with appellee, says he did not see the wagon and buggy collide, but he did see the wagon pass alongside the horse. The top of the buggy was up. The jury may have thought that this prevented appellee and Stern from actually seeing the contact of the two vehicles. The evidence of the witness Sheahan, who was driving the Fair wagon, and of the boy Perdue, who was with him, is to the effect that at no time was the wagon within fifteen feet of the buggy. But Sheahan said, "As a rule I do not pay

The Fair v. Hoffmann.

any attention to a light wagon coming in my neighborhood." The fact that the shafts and harness were broken is explained by the fall of the horse, and the breaking of the dashboard was probably caused by the pitching out of appellee, but the fact that both axes of the buggy were bent, and that one leg of the sewing machine was broken is consistent with the application of some violent external force. Appellant also put in evidence certain statements made by appellee shortly after the alleged accident. Whether or not the vehicles collided, the whole evidence being considered, was a question of fact primarily for the jury. They have determined that fact against appellant. An examination of the record does not incline us to disturb their judgment in this regard.

The remarks of counsel during the examination of certain witnesses and in his argument to the jury are not to be commended. Some of them very closely approach the reversal line. The most obnoxious of these remarks was stricken out. We do not think that those which remain call for a new trial in this case.

Before the evidence was put in, the court entered an order limiting the number of instructions to be tendered by each side to fifteen. The Supreme Court in Chicago City Ry. Co. v. Sandusky, 198 Ill. 400, decides that a rule which limits the instructions to be presented to a given number is unreasonable, but that such error is not ground for reversal unless it appear appellant was injured thereby. Appellant tendered an instruction which reads:

"15. The court instructs the jury as a matter of law that the defendant is not required to disprove that the plaintiff was injured in manner and form as the plaintiff has charged in his declaration, until the plaintiff has first proven, by a greater weight or preponderance of the evidence, every material element going to make up his case, as required by these instructions."

This instruction the court refused to give to the jury, writing upon it, "Not received, as in excess of limit."

It does not affirmatively appear in the record that all the instructions given for appellee are shown therein. But

fourteen instructions are set out; the rule limited their number to fifteen. In the absence of a statement in the record that the instructions shown are all that were tendered, it is a fair presumption that at least one given instruction is omitted from the record. In such a condition of the record an appellate tribunal will presume that the omitted instruction contained the law as laid down in the one that was refused, and that the instructions taken as a whole are correct. (Culver v. Schroth, 153 Ill. 443; Toluca, etc., Ry. Co. v. Haws, 194 Ill. 92.) We have, however, examined the instructions given for appellant, and find that the substance of this refused instruction is found in the eighth, the eleventh and the thirteenth instructions.

The record shows that no objection or exception was taken to the order limiting the number of instructions; nor is there any assignment of error questioning the action of the court in that regard. It is not necessary to cite cases to the effect that each of such omissions is fatal to this contention of appellant.

We do not regard the further contentions of appellant as substantial.

Upon the whole record we are of opinion that there is no reversible error in the judgment of the Superior Court, and we therefore affirm it.