KEATING v. PEDEE.

NEW TRIAL — *verdict against evidence.* A verdict of a jury which is clearly against the evidence should be set aside.

*Error to District Court, Arapahoe County.*

THE declaration was in replevin to recover eight mules, alleged to be of the value of $600. The defendant, Pedee, filed several pleas, claiming the property as administratrix of Andrew Pedee, deceased, and otherwise. The evidence, which was quite lengthy, is sufficiently stated in the opinion, except as to the following receipt, which was put in evidence by defendant:

" Office of F. E. Everett, Banker, Golden City, Colorado, February 21, 1873. Received of Mrs. R. P. Pedee, admin-

istratrix, $516.16, being the second installment for the payment of nine head of mules sold Andrew Pedee, third and last installment of like amount remaining yet unpaid, due from March estimates.

(Signed)                    " J. F. KEATING."

The only witnesses examined were the plaintiff and one Charles Donnelly, on behalf of the plaintiff, and the defendant in her own behalf.   The defendant had judgment.

Mr. ALFRED SAYRE and Mr. C. W. WRIGHT, for plaintiff in error.

Mr. T. G. PUTNAM, for defendant in error.

HALLETT, C. J.   The property in controversy was sold to defendant's intestate for the sum of $1,550, payable in three monthly installments, and it was expressly understood, that the title should not pass until all the payments were made. If default should be made in either of the payments, the sum actually paid was to be applied to the hire of the animals at the rate of $10 per day.   The plaintiff and the witness Donnelly testify to these facts, and the defendant knew nothing of the agreement.   The receipt dated February 21, 1873, may receive the construction that the last payment was to be made from the March estimates, which should become due from the railroad company.   But the plaintiff testifies that he gave it reluctantly, and obviously it does not fully state the contract.   By the testimony of the witnesses it appears that the title to the property was not to pass until all the payments were made, and we cannot say that the statement in the receipt, that the last installment was due from the March estimates, amounts to an agreement on the part of the vendor to wait until those estimates should be received by the defendant.   The verdict is clearly and palpably against the evidence, and must be set aside.

Judgment of the district court is reversed, and the cause is remanded for a new trial.

*Reversed.*