RICHARD W. HOCKADAY, APPELLANT, v. WILLIAM B. GOODWIN, APPELLEE.

VERDICT AFFECTED BY PASSION OR PREJUDICE.— When it appears from the verdict that the jury, in arriving at a verdict, acted with such a wilful disregard of both evidence and instructions as to suggest a strong presumption that their minds were swayed by passion or prejudice, the judgment thereon will be reversed.

*Appeal from District Court of Chaffee County.*

Mr. W. D. WRIGHT, for appellant.

Mr. G. K. HARTENSTEIN, for appellee.

REED, J. This was an action of replevin brought by appellant for the possession of two horses and a wagon. Plaintiff's right to recover was based upon a chattel mortgage executed by one William F. Gardner on the 29th day of November, 1887. Gardner was in possession of the property at the time by virtue of a purchase alleged to have been previously made from one F. Tibbetts. Goodwin, the defendant, gained possession of the property by an alleged purchase from Tibbetts made on the 13th day of December following.

No questions of law are presented. The proceedings of the court were correct and unquestioned, and the instructions to the jury correct. It is claimed that the verdict of the jury was not only unwarranted by the evidence, but in direct conflict with it, and that the instructions of the court were wilfully disregarded; such claims are shown by the record to be well founded.

The court erred in not setting the verdict aside. Aside from the general verdict required of the jury, there were some ten or twelve questions submitted upon which it was to make special findings. The general verdict was not supported or warranted by the evidence, while several of the special findings, notably, first, second, seventh, eighth and eleventh, directly contravene all the evidence in the case. The court seems to have regarded the verdict as excessive and unwarranted by the proof in the amount of damages awarded, and required $75 to be remitted from the sum of $250, which was a very proper requirement as the amount awarded exceeded the value by that amount as fixed by the owner at the time of the alleged sale.

"A verdict of a jury which is clearly against the evidence should be set aside." *Keating v. Pedee*, 2 Colo. 526. The rule of this court, as announced in *Green v. Taney*, 7 Colo. 278, is: "that this court will only interfere where, upon the whole record, it appears that the jury acted so unreasonably in weighing testimony as to suggest a strong presumption that their minds were swayed by passion or prejudice, or that they were governed by some motive other than that of

awarding impartial justice to the contending parties." Examination of the record in this case shows it is clearly within the exception to the rule as announced in that case. A more wilful or flagrant disregard of evidence and instructions, and greater exhibition of prejudice can hardly be found. The judgment will be reversed and the cause remanded.

*Reversed.*