Bissell, J.
Waclismuth & Company, who were partners in business in Chicago, Illinois, early in 1890, sold a lot of goods to the defendant. By the terms of the contract the defendant was allowed certain discounts and percentages, and when the firm sent the bill for the goods, he mailed them a draft for about three hundred and eighty-five dollars, which left a balance due, according to the statement, of thirty-seven dollars and sixty-eight cents, for which this action was brought. By his answer the defendant substantially conceded the sale and delivery, but contended that his order included other goods than those for the price of which the suit was brought, and that he was damaged by the non-delivery. *197 It appeared that the goods were ordered in December of 1889, to be delivered some time during the ensuing spring, and that the order included a dozen slater flannel suits, at a price agreed on. By the terms of the transaction no specific time was designated within which the goods were to be shipped. In the course of a subsequent correspondence between the parties the plaintiffs were notified by Mr. Heil, if they failed to deliver the flannel suits to him at Montrose by a date named he should decline to receive them. The goods did not arrive by that date, and the defendant, on their receipt, returned them to Chicago and declined either to accept or pay for them. The rescission of the order, in respect of these suits, appears to have been accepted by the parties, and their value is not included in the action brought. Since the defendant conceded the sale and delivery of the goods, and did not contest the prices at which they were sold, except upon the basis of the loss which he had sustained by reason of the failure to deliver the flannel suits according to the terms of the order, it leaves for determination the naked inquiry as to his right to recoup his damages for the non-delivery of those suits under the proof. The suits ordered were what is known to the trade as slater flannel. According to the correspondence these were wanted not later than the 20th of May, in order to supply the trade which existed in the summer, and came from the Grand Army men for whose use they were designed. Much learning has been expended in the briefs of counsel upon the various questions of law concerning the sort of damage that may be recouped in an action upon contract, and the circumstances under which recoupment will lie. In the view which the court takes of the case, a discussion of these questions becomes wholly immaterial. The jury returned a verdict in favor of the defendant for twenty-nine dollars, which was remitted, and a judgment for costs was entered against the plaintiffs. While the controversy seems to be a very insignificant and unimportant one, and scarce!} to warrant the time and labor essential to its consideration by the courts, yet the rights of the parties must be determined by the same *198 rules which govern the determination of more important con ■ troversies. The defendant was entitled to set off, or recoup, no damages whatever according to the evidence, because he proved none for which the plaintiffs were responsible. It is tolerably clear from the case that the flannel suits were to be delivered early in May, and, according to the defendant’s testimony, not later than the 20th. They did not arrive until the 24th,— four days later, whereupon they were refused and returned to the sellers. Had they declined to receive them it might have been necessary to determine whether the defendant had the right of rescission under the terms of the sale. The plaintiffs accepted them, and their consent removes that question from consideration, and it is only necessary to decide whether the defendant was damaged by the failure to deliver these suits at an earlier date. It is ver}"- clear from the evidence that he sustained no damages which could be made either the subject of an action, or which could be recouped in this suit. He claimed the difference between the price at which he bought the goods and the price, at which he was expecting to sell them, providing' he found customers. He utterly failed to show either that he had a demand for the suits, that he lost any sales by reason of their non-delivery, or that he could have made any sales had he received the goods at the very time within which, according to his own letters, he was willing to receive them. There being an entire absence of proof on these matters, there was nothing whatever in the case upon which the verdict of the jury could rest. Since it is a question neither of weight nor of preponderance, but of a total want of proof, it violates none of the antecedent decisions of the courts of the state to reverse the judgment, although it rests upon the verdict of a jury. Keating v. Pedee, 2 Colo. 526. Hockaday v. Goodwin, Court of Appeals, ante, p. 90.
For the reasons expressed this judgment will be reversed and the cause remanded for further proceedings in conformity with this opinion.

Reversed.