THE DENVER & RIO GRANDE RAILROAD COMPANY, AP-
PELLANT, v. MORTON, APPELLEE.

1. APPELLATE PRACTICE.

Where there is an entire absence of proof of a fact which must be es-
tablished to entitle the plaintiff to recover, the judgment will be
reversed.

2. EVIDENCE.

That a fire broke out and burned along the line of a railway, is not evi-
dence that it was caused by the railroad company.

3. NEGLIGENCE—EVIDENCE.

Acts which follow an injury cannot be proven, in civil actions, for the
purpose of establishing an antecedent negligence.   That a railroad
company aided in putting out a fire burning along its track does not
tend to establish the fact that it caused the fire.

4. CONTRIBUTORY NEGLIGENCE.

Where the plaintiff was guilty of contributory negligence, he cannot re-
cover on account of injuries to which his negligence contributed.

*Appeal from the District Court of Gunnison County.*

Messrs. WOLCOTT & VAILE, for appellant.

No appearence for appellee.

BISSELL, J., delivered the opinion of the court.

In the latter part of this year 1889 the appellee Morton
owned a ranch in Gunnison county which abutted the right
of way of the Rio Grande Railroad.   About the middle of
October a fire broke out on the land and burned over quite
a portion of the farm.   This action was brought against the
railroad company to recover the resulting damages.   The lia-
bility of the corporation to respond if the fire was occasioned
by its trains was not disputed.   Morton recovered judgment
for $150.   The railroad company appealed to the supreme
court, which transferred the case to this court for determina-
tion.   A good many questions are raised by the assignments

of error, but there are only two which deserve any substantial consideration. The appellant insists that the judgment ought not to stand, because there was no evidence that the fire was set out by the railroad company. Usually questions of fact which are submitted to the consideration of a jury and are determined adversely to a party will not be considered by an appellate tribunal, where there is any conflict concerning the disputed matter. With the weight and the sufficiency of testimony we ordinarily have little concern. But where, as in this case, there is an entire want of proof of a fact which must be established to entitle the plaintiff to recover, we feel little hesitation in reversing a case on this ground. This circumstance furnishes an exception to the general rule, and appellate courts do not scruple to overturn judgments which are entirely without a sufficient basis of proof on which to rest. *Keating v. Pedee*, 2 Colo. 526; *Hockaday v. Goodwin*, 1 Colo. Court of Appeals, 90.

The difficulty experienced in trying causes like the present comes from the fact that under our fire statute a railroad company is made absolutely liable for all fires occasioned by their operation of the road. Whenever a fire breaks out along the line it is assumed that it was set out by the company, and the injured party has little difficulty in convincing a jury of his right to recover. The record contains no proof of this essential fact. When it broke out Morton was not in the vicinity. There was no witness produced who saw the fire set out, and none who discovered it until it had gotten under very substantial and considerable headway. Morton did not know of it until he returned about two o'clock, when some twenty acres of the land had been burned over. By what the fire was kindled, or whether there was any sort of a connection between the running of the road and the breaking out of the fire, was left absolutely undetermined. The jury seemed to proceed on the hypothesis that since there was a fire, and it burned along the line of the railway, the company must necessarily have set it out. Judgment cannot be permitted to rest on such an unsatisfactory basis. There must

be some proof which would at least tend to establish the re-
lation of cause and effect between the operation of the road
and the breaking out of the fire. It is true the plaintiff tes-
tified that a freight train usually passed along there about
half past eleven in the morning. He did not attempt to show
that a train passed that point daily at 11:30, nor that any
passed that point on the particular day when the fire broke
out. There is nothing in the record which furnishes a legiti-
mate basis for the deduction that the fire was occasioned by
the running of the company's engines. The plaintiff cannot
be relieved of the necessity to support his case by sufficient
and competent testimony.

There is another error assigned which is equally fatal to
the plaintiff's recovery. It transpired during the trial that
after the fire had started quite a gang of men on a freight
train under the charge of a railroad employee went to work
to put out the fire. According to Morton's testimony the
men came from the direction of Sargent, were in charge of
one of the railroad employees, and materially assisted in ex-
tinguishing it. This circumstance was made the subject of
a special charge by the court. In instructing the jury as to
where the burden of proof was and what the jury had a right
to consider in determining the cause of the fire, the court
said:—"And you have a right also to consider upon this ques-
tion all the other surrounding circumstances connected with
the fire, such as the fact, if such existed, that the employees
of the defendant company came upon the ground in question
and put out, or assisted in putting out, the fire." This was
substantially telling the jury that they had a right to consid-
er the fact that the employees of the railroad company as-
sisted in putting out the fire, in determining its cause or its
origin. Under no circumstances, without other proof than
was disclosed in this case, can this be the law. It is some-
times true in criminal jurisprudence that the subsequent con-
duct of the person accused of crime may be shown for the
purposes of demonstrating his probable guilt. In civil cases,
however, the acts which follow an injury cannot be proven

for the purposes of establishing an antecedent negligence. *Morse v. Minneapolis & St. Louis R. R. Co.*, 30 Minn. 465; *Hodges v. Percival*, 132 Ills. 53; *Terre Haute & Indianapolis R. R. Co. v. Clew*, 123 Ind. 15.

If negligence cannot be established by proof of the subsequent acts of the party charged, it is difficult to say why proof that a railroad company aided in putting out a fire should be taken to establish the fact that it was caused by their acts. It does not necessarily follow that the company would not instruct its employees to assist in putting out all fires along the road, when by the terms of the statute they are liable for whatever damages result from fires started by their trains. Even proof that the company issued a general order to its employees to put out all fires discovered along the line of the track could hardly be said to establish that the company's trains set the fire out. Such an order would simply be a prudential measure to protect themselves from all pecuniary loss to which they might otherwise be subject. In other words, it would be cheaper probably to put out all fires found burning along the line of the road, even though four fifths of them might come from extraneous causes, than to pay for one or two fires for which they ought not to be held responsible. The materiality of this instruction and its absolute prejudice to the appellant is apparent, when it is remembered that there was no proof whatever that the fire was set out by the railroad company, and none that it sprung up shortly after the passage of the train.

It is alleged as error that the jury erred in awarding damages for the destruction of a wagon. Morton had left a canvass covered wagon standing in the vicinity for some time, and it was near the fire while it was raging. It was not removed and remained there until it was subsequently consumed. Morton testified that when he left the vicinity to go to the house there was still considerable smoldering fire scattered about the tract. He admitted that it was apparent that in a good many spots the fire was still burning. The wagon was left in dangerous proximity to this unextinguish-

ed fire.   Sparks were blown on the cover, it took fire and the wagon was consumed.   This loss was part of the subject-matter of the suit and a portion of its value was included in the recovery.   The jury found this damage to be seventy-five dollars.   In answer to a special question submitted, the jury said that Morton was guilty of contributory negligence in leaving the wagon where it stood when it was destroyed. By their finding they apportioned the damages, found the company liable for two thirds of the injury, and left Morton to stand the balance because of this negligence.   While this error would not probably suffice to reverse the case since the judgment could be reduced and still stand, yet in view of the fact of the reversal on the other grounds stated, it is necessary to determine this matter.   Evidently if Morton was guilty of negligence in leaving his wagon in the vicinity of the fire before it was totally extinguished, he ought not to recover for its loss.   That he was negligent is manifest from the testimony, and is indubitably settled by the special find-ing of the jury.   Under these circumstances he ought not to have had judgment for that item of his damage, and un-less the case shall be varied by the proof upon the subsequent trial, it must be eliminated from his recovery.

The case was improperly tried to the prejudice of the ap-pellant, and for the errors committed the cause must be re-versed and remanded for a new trial.

*Reversed.*