◦KINNEY v. WOOD.

The rule that where the evidence is conflicting, and the verdict is not manifestly against the weight of evidence, the verdict will not be disturbed on appeal, applies equally where a jury is waived and the issues of fact are tried by the court.

*Error to San Miguel County Court.*

THE facts are stated in the opinion.

Mr. E. MILES, for plaintiff in error.

Messrs. R. D. THOMPSON and W. H. GABBERT, for defendant in error.

RISING, C. The defendant in error brought an action in justice's court against the plaintiff in error to recover the sum of $10 for money loaned, $10 due for board, and $2 for interest on said sums. Case taken to county court by appeal. Upon the trial in the county court, defendant introduced evidence to prove an indebtedness of the plaintiff to him in the sum of $38. The case was tried to the court, and the court rendered judgment for the plaintiff for the full amount of his claim and interest.

There are many errors assigned, but counsel for plaintiff in error in his argument relies solely upon the insufficiency of the evidence to sustain the judgment, and bases his argument upon the following propositions: That the evidence shows that the plaintiff had no cause of action against defendant at the time the suit was brought; and that if plaintiff had a cause of action, the preponderance of the evidence clearly establishes a set-off, greater in

amount than the claim of plaintiff.   Upon an examination of the evidence, we think it clearly shows that the plaintiff was the owner of the claims sued on at the time suit was brought.   The only evidence there is, tending to sustain the position of plaintiff in error, upon this point, is the testimony of Mrs. Wood, that, in November, 1882, she presented an order of M. A. Wood on the defendant, and the defendant said he would try to pay her a part of the account that evening; that she presented the order at another time, and defendant made no objection to it, but told her he would pay it all; that she left town about Thanksgiving, and never presented the order after that time.   This evidence is wholly insufficient to show that the claims sued on were ever assigned to Mrs. Wood by the plaintiff.   Aside from this, the plaintiff testified on the trial that the defendant was indebted to him on the claims sued on, and the plaintiff and Allen Wood, a witness, each testified that the plaintiff demanded payment of these claims of the defendant in December, 1882, and that defendant then promised to pay them to him.

The evidence upon the question of set-off is very conflicting, and the rule that when the evidence is conflicting and the verdict is not manifestly against the weight of evidence, the verdict will not be disturbed, must be applied in this case.   In the application of this rule, in *Green v. Taney*, 7 Colo. 278, 282, it was held "that this court will only interfere where, upon the whole record, it appears that the jury acted so unreasonably in weighing testimony as to suggest a strong presumption that their minds were swayed by passion or prejudice, or that they were governed by some motive other than that of awarding impartial justice to the contending parties."   A careful examination of this case fails to disclose any facts which bring it within the limitations to the application of the rule so clearly laid down by Justice Helm.   Where a jury is waived, and the issues of fact are submitted to the court, upon a review of the findings of fact by this

court, the same rule must be applied as would be applied if the issues of fact had been determined by a jury. *Murphy v. Cunningham*, 1 Colo. 467, 471.

The judgment should be affirmed.

We concur: MACON, C.; STALLCUP, C.

PER CURIAM. For the reasons assigned in the foregoing opinion the judgment of the county court is affirmed.

*Affirmed.*