### ZIEGLER ET AL. v. COLE.

APPEAL — REVIEW OF EVIDENCE.— A judgment by a trial judge which is neither unsupported by the testimony nor manifestly against its weight will not be disturbed on appeal on the ground that it is against the weight of the testimony.

*Error to Superior Court of Denver.*

Messrs. PATTERSON & THOMAS, for plaintiffs in error.

Mr. JOSEPH N. BAXTER, for defendant in error.

BISSELL, C. This is an action in trover brought by George W. Cole against Ziegler Bros. and William Brandon, to recover the value of certain property, consisting of sleds and a threshing machine, which Cole averred they had wrongfully seized and converted. The answer contained a denial of the various allegations of the complaint, and an affirmative defense in justification of the seizure. This defense contained all the requisite allegations to show a recovery of judgment by Ziegler Bros. against William Cole, and the issuance of process upon the judgment, under which Brandon, the officer, seized the property in dispute as the property of the defendant in the execution. There was no controversy

concerning the regularity and sufficiency of the proceedings under the judgment; the only dispute being that which grew out of the evidence concerning the title of the plaintiff and his brother William. The case was tried to the court without a jury, and, upon these issues, the court found that the title to the thresher and horse-power was in the plaintiff, George W. Cole, at the time of the levy of the writ, and gave a judgment in his favor for the value thereof, which was found to be $100. As to the balance of the property seized, the court held that the plaintiff could not recover because he had failed to show any such title and possession as warranted a judgment in his favor. Evidence was given which tended to show that the title to the thresher and power had been in the plaintiff for some years, and that for a large portion of that time it had been in his possession, having been sent to William, just prior to the levy, simply for the purposes of sale. As to the other property, there was evidence showing that originally it was the property of William, but had been transferred by him to George in liquidation of an antecedent debt; and, likewise, that the transfer was unaccompanied by such a change of possession as would make the sale effectual as against creditors. The reversal of the case is insisted upon on the ground that the judgment is against the weight of the testimony, and that the court erred in rendering judgment thereon against the plaintiff in error. Other errors are assigned, but this is the only one on which counsel rely.

The judgment cannot be reversed upon this ground. The judgment of the court below upon the subject-matter of the controversy finds ample support in the testimony which is contained in the record. The judgment is neither unsupported by the testimony, nor is it manifestly against its weight; on the contrary, on the record, as it stands, the judgment of this court would be in harmony with the findings of the judge who tried the case. Under these circumstances, according to the rules which this court has established, and which are held to govern in such cases, it is

impossible to disturb the judgment. *Kinney v. Wood*, 10 Colo. 270; *Green v. Taney*, 7 Colo. 278. The judgment should be affirmed.

RICHMOND and REED, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is affirmed.

*Affirmed.*