## HUNT v. OHMERTZ.

15  447
19a 326

1. SEPARATE TRIAL OF ISSUES — PRESUMPTION COURT HAS MODIFIED REFEREE'S REPORT.— An action brought by a principal against his agent for moneys collected involved the investigation of a long outstanding account, as well as a question of the amount of compensation the agent was entitled to receive under the contract of employment, or as consideration for the services rendered. The court appointed a referee to take and state the account, whose report showed a balance in favor of the agent. The issue concerning the compensation was then tried to a jury, who returned a verdict for the principal, but in a smaller sum. The court having rendered judgment in favor of the agent for costs only, upon appeal therefrom to this court, and it appearing from the record that exceptions were filed to the report of the referee, it will be presumed that the court did not interfere with the verdict of the jury, but surcharged the account stated, as he lawfully might do on the facts reported, sufficiently to counterbalance the difference between it and the verdict.

2. RESULT OF DEFICIENT TRANSCRIPTS ON APPEAL.— On appeal a court of review is not authorized to interfere with the judgment appealed from, where the record fails to disclose the basis of the court's action or the testimony produced at the trial.

*Appeal from District Court of Chaffee County.*

ACTION by Alexander C. Hunt to recover from Millie C. Ohmertz moneys received by her as his agent from sales and rents of his property. From a judgment for defendant for costs, plaintiff appealed.

Messrs. L. B. FRANCE, G. K. HARTENSTEIN and P. J. COSTON, for appellant.

Messrs. CLINTON REED and ROGERS & McCORD, for appellee.

Bissell, C. The record in this case was brought up under the act of 1885, and is to be heard upon the abstract which has been prepared and filed by the appellant. It is barren of the material which is absolutely indispensable to the determination of many questions which are sought to be raised by the counsel for the appellant in their brief.

The action was commenced in March, 1885, and therein the plaintiff sought to recover from the defendant the sum of $7,000, for a failure on her part to turn over to him moneys which she had realized upon the sale of sundry interests which he owned in Salida, and from rents which she had received from the occupancy of buildings which belonged to him.

The answer set up various defenses by way of denial, and a further defense by way of the assertion of a claim on her part against the plaintiff for services which she had rendered to him in the discharge of her duties as agent.

The particular question which has been discussed, and which is decided by this opinion, grows out of what is claimed to be the error of the court in rendering judgment for the defendant upon the testimony as it appeared in the case.

The case seems to have been tried in two sections,— one of them before a referee upon an issue referred to him to be heard and reported on, and the other by a jury impaneled for the purpose. This action of the court was undoubtedly proper, when the character of the suit, the form of action which the plaintiff instituted, and the defense interposed, are considered. It appeared from the complaint and answer that there was a long and very considerable account outstanding between plaintiff and defendant, who bore to each other the relation of principal and agent, which could be more accurately and conveniently investigated by a referee appointed for the purpose. The order of reference was made without objection, so far as the abstract shows, and was simply a reference to take and state the account. The referee was given no power to hear and determine.

Upon the incoming of the report of the referee, the remaining issue in the case, which was as to the employment of the defendant by the plaintiff, and the compensation which she was to receive for the services which she was to render under the contract, was submitted to the jury for determination. The plaintiff claimed that the hiring was a specific and definite one, for a sum certain, payable monthly. The defendant, on the other hand, contended that there was no agreement as to compensation, and that she was entitled to deduct from the account, and receive from the plaintiff, whatever her services were reasonably worth. This value she placed at $250 per month.

The jury, by their verdict, found that she was employed for a period of three years, less a few days; that there was no contract fixing the compensation which she should receive; and that her services were of the reasonable value of $125 per month.

The report of the referee, after finding the several sums which had been received by the defendant, and those which she had paid over to the plaintiff, and the sums which she had expended on his behalf, found that there was due from the defendant to the plaintiff $2,311.29.

It thus appears that if the report of the referee is accepted, and the verdict of the jury is permitted to stand, the defendant will be entitled to a judgment as against the plaintiff. The judgment actually rendered, however, was one simply for the defendant for costs. Upon just what basis the court proceeded, it is impossible from the abstract to determine.

When the report of the referee came in, a motion was filed attacking his report upon sundry and divers grounds. This motion evidently came before the court for consideration, together with the motion for a new trial, which was filed by the plaintiff. Whether the court took any action upon the motion to set aside the referee's report, and if so, what, is only inferable from the fact that the judgment appears not to have been rendered upon the basis of the re-

port of the referee and the finding of the jury upon their verdict. It is very evident that the court must have modified the report and found the account as it existed between the parties to be wholly different from the account stated, for, otherwise, it would have been impossible for the court simply to render a judgment on behalf of the defendant in disregard of the verdict of the jury. Taking the report of the referee and the verdict of the jury together, and they would entitle the defendant to a money judgment in her favor.

It will not be presumed that the court attempted to disregard the verdict of the jury upon an issue properly tried by it, and arising in an action at law, without a formal order setting it aside, for his power in the premises would be limited to such particular action. It must, therefore, be taken as true that upon the testimony heard before the referee, and the account as stated by him, the court, in the exercise of the power which the law gives to him in such case, found the facts and the account to be otherwise than as stated, and surcharged the account rendered to such an extent as to counterbalance the difference between the original report of the referee and the verdict. This he had full power to do. Whether he was justified in so doing, under the testimony, is a matter which will not herein be determined. It would be an unwarranted assumption, on the part of the appellate tribunal, to interfere with the action of the court below upon the hypothesis that the testimony did not warrant the judgment rendered, when the abstract fails to show what the testimony was upon which the court acted in the premises. In order to justify the court in taking any action whatsoever upon the hypothesis that the judgment is not warranted by the evidence, that evidence must be presented to the appellate tribunal with complete accuracy and perfect fullness. Without an opportunity to review the testimony in its entirety, no court should attempt to disturb a judgment upon the basis of its insufficiency.

If it is contended that the act in force at the time the appeal was taken permits the appellant to present his case

by an abstract on which the appeal is to be determined, it
still remains true that the obligation is with him to present
a record from which it can be demonstrated that under the
testimony the judgment is erroneous, if the want of such
basis be the error on which he insists. In this case the
abstract neither purports to set forth the testimony taken
before the referee nor that introduced before the jury. It
simply contains fragmentary statements of the evidence
given. It is impossible for the court upon these fragments
to determine whether the report of the referee was justi-
fied by the proof which was introduced before him, or
whether the action of the court in modifying the report
should be maintained; nor can it be seen that the verdict
of the jury was wholly unsupported. It is impossible upon
this record to reach the conclusion that the court erred in
its estimate of the weight or the value of the testimony.
The judgment finds ample support in the record as it is
presented. It cannot be said that it is either manifestly
against the weight of evidence or that the results were ar-
rived at in any other way than that which the law directs
and approves. Under these circumstances the judgment
cannot be disturbed.

This determination is in full accord with the adjudica-
tions of this court upon similar propositions in cases where
the evidence has been so fully reported that the court has
been enabled to act intelligently in the premises. The
judgment of the trial court and the verdict of the jury
upon questions of fact are never disturbed unless the case
be clearly within the rule, as it has been declared and
applied in such cases. *Barker v. Hawley*, 4 Colo. 327;
*Machette v. Wanless*, 2 Colo. 170; *Green v. Taney*, 7 Colo.
278; *Kinney v. Wood* 10 Colo. 270. The judgment of the
court below should be affirmed.

RICHMOND and REED, CC., concur.

PER CURIAM. For the reasons stated in the foregoing
opinion the judgment is affirmed.

*Affirmed.*