JAMES LINDSAY, APPELLANT, v. CATHERINE LINDSAY, APPELLEE.

1. CONSTRUING A DEED TO BE A MORTGAGE.—The rule is, that a decree changing the legal effect of an absolute deed from that of a conveyance to that of a mortgage, must rest upon precise, clear and unequivocal testimony, but this rule is not absolutely uniform in its application, nor is the same identical proof required in all cases.

2. EVIDENCE REQUIRED TO SUPPORT A DECREE—FIDUCIARY RELATIONS OF PARTIES.—When transactions between parties whose relations have been of a close fiduciary character are presented as the basis of a decree, the plaintiff is not held to the same strictness of proof as in those cases where the parties dealt at arms' length, nor is the same degree of certainty in the testimony required to support the decree.

3. DOUBTS AS TO CORRECTNESS OF DECREE NOT SUFFICIENT TO REVERSE.—In a case tried to the court without a jury, where upon the whole testimony it may be doubtful whether the plaintiff was entitled to his decree, but the record suggests nothing to indicate that the court was influenced by any other considerations than those which should control judicial tribunals, and the decree is supported by the plaintiff's evidence and by the circumstances of the transaction, and the subsequent conduct of the parties, it is not a case where the judgment is so manifestly against the evidence as to require reversal.

*Appeal from District Court of Arapahoe County.*

The facts sufficiently appear in the opinion.

Messrs. CRANSTON & PITKIN, for appellant.

Messrs. JOHN HIPP, S. C. HINSDALE and I. E. BARNUM, for appellee.

BISSELL, J.   This is one of that very numerous class of actions which have their inception in the unguarded transactions between persons who sustain to each other some confidential relation.   In September, 1884, by a deed of absolute conveyance, Mrs. Lindsay transferred to her son, the appellant, sundry property situate in the city of Denver.   There

were no limitations in the conveyance, nor was there any instrument executed between the parties at the time of the transfer which would serve to determine its purpose or character. Some years after, the son asserted ownership in the property, and denied his mother's interest in it. On this assertion of title the mother filed the present bill to set aside the conveyance, and to declare it to have been executed by way of a mortgage to secure the son for certain advances which he had made, and she also alleged that he had been instrumental in securing the transfer by divers misrepresentations, which the law would declare fraudulent. The case was tried by the court without the intervention of a jury on oral testimony, and resulted in a decree for the mother. There was little evidence, save that given by the respective parties, though there was some proof made of circumstances which tended, as the respective sides maintain, to support their different contentions.

There are divers errors assigned and argued by counsel in support of their claim that the case ought to be reversed, but that based upon the alleged insufficiency of the evidence to support the judgment is the only one which it is essential to consider, and which under any circumstances would be sufficient to justify setting the decree aside. As a basis upon which to rest the discussion of the insufficiency of the proof counsel accurately state the rule to be, that in order to overcome the effect of any absolute deed, and to change its legal significance from that of a conveyance to that of a mortgage, the testimony upon which the decree must rest should be precise, clear and unequivocal. That this is the law has been so often decided that a repetition of the rule will of itself serve to recall the numerous adjudications in which it has been declared. Without conceding that the evidence offered in support of the bill, together with the circumstances which surrounded the transaction and illustrated its history, did not as a whole furnish that unequivocal and clear proof which is essential to the maintenance of such a decree, it must be stated that the rule is not absolutely uniform in its application, nor is the

same identical proof required in all cases. Wherever the transaction is between parties whose relation are of a close fiduciary character the complainant is not held to the same exactitude and strictness of proof, nor is the testimony offered in support of the bill to be viewed with the same scrutiny, as in those cases where the parties deal with each other at arms' length. *Bohm v. Bohm*, 9 Colo. 100.

Viewed in the light of these two principles it cannot be said, with such emphasis as to necessitate a reversal of this case, that the testimony does not reach that level of certainty essential to support the judgment. It is contended with great vigor that even though this be true, the weight of the testimony is against the finding, and for this reason the decree should be canceled. It is impossible not to concede that upon the record, as it is presented to this court, there is considerable basis for this contention, and if this court had to decide the question as an original proposition, upon the printed case, there might be grave doubt as to the decree which should be directed. But the cause is not brought within the rules which have always been laid down in this state as governing appellate courts in passing upon such an error. The record suggests nothing to indicate that the court was influenced by any other considerations than those which ought to control judicial tribunals in the rendition of their judgments. The decree is supported by the evidence offered by the appellee, by the circumstances of the transaction, and by the subsequent conduct of the parties; it is not therefore one of those cases where the judgment is so manifestly against the evidence as to justify an appellate court in reversing it. *Kinney v. Wood*, 10 Colo. 270; *Green v. Taney*, 7 Colo. 278; *Ziegler v. Cole*, 15 Colo. 295. The judgment is affirmed.

*Affirmed.*