JASON GILLETT ET AL., PLAINTIFFS IN ERROR, V. H. D. MC-
ALLISTER, DEFENDANT IN ERROR.

1. OVERRULING OF DEMURRER TO ANSWER—EXCEPTIONS, HOW SAVED.
   —When the plaintiff's demurrer to an answer in a civil action is
   overruled, and he files a replication thereto and goes to trial, the
   question raised by the demurrer may be preserved in the record by
   making proper objections to testimony introduced by the defend-
   ant, and saving sufficient exceptions to its admission.
2. CONTRACT OF GUARANTY—LIMIT OF LIABILITY.—A person who en-
   ters into a contract with the creditors of another party, guarantying
   the payment of certain monthly bills which may be contracted by
   such third party, but limiting the measure of his liability to the
   quantity and value of coal which he may purchase and receive from
   the latter party in the meantime, is not liable to the creditors for
   any indebtedness in excess of the value of coal received. To war-
   rant a recovery against the security for the amount of their claim,
   it was necessary for the plaintiffs to prove that their debtor had
   delivered to the defendant, or to other parties by his order, a suffi-
   cient quantity of coal to amount to the sum demanded.

*Error to District Court of Chaffee County.*

Mr. R. K. HAGAN, for plaintiffs in error.

Mr. G. K. HARTENSTEIN, for defendant in error.

BISSELL, J. This action was brought by Gillett, and his
co-plaintiffs, to recover of McAllister eight hundred dollars,
which they claimed under a contract entered into between
them. The case was tried without a jury, and resulted in a
dismissal of the suit with judgment against the plaintiffs for
costs. According to the evidence the Pike Brothers were
producers of charcoal, and had large dealings in that material
with McAllister, who apparently bought the most if not all
of their product. The plaintiffs were grocers and dealers in
the general supplies used in charcoal camps, and had sold
and were selling the Pike Brothers what they used. The
state of the account, as between the Pikes and the plaintiffs,

apparently led them to curtail the credit which had been
extended to the charcoal burners, and McAllister, who
wanted the product to fill his contracts, undertook with the
plaintiffs to guarantee the payment of the bills which the
Pike Brothers might contract for the months of September,
October, November and December, 1887, to an amount not
exceeding eight hundred dollars for each month, conditioned
that he should receive from the Pike Brothers, under his
dealings with them, that amount of coal,—otherwise he was
only to pay to the plaintiffs the value of what he might pur-
chase.   The contract was carried out and complied with on
both sides for the months of September, October and Novem-
ber, and the present suit was brought by the plaintiffs to
recover the eight hundred dollars due for the supplies fur-
nished the Pikes for December.   The answer denied the con-
tract as set up, and contained an affirmative plea, that prior
to the institution of the present action the plaintiffs had sued
Pike Brothers for the amount of the account, as it stood
between them, including the eight hundred dollars claimed
in the present suit.   The plea averred that he had paid a
judgment of four hundred and odd dollars, rendered against
him on his answer to a process of garnishment issued in the
suit of the Gilletts against the Pikes, and thereupon had been
discharged as garnishee.   A demurrer was interposed to this
plea, substantially attacking it because that action and the
present were so far consistent and concurrent as to permit
the prosecution of both to judgment, with the right neces-
sarily to only one satisfaction of the claim.   This is only
referred to, because the question is discussed upon the pres-
ent appeal as one still involved in the controversy which the
court is called upon to decide.   We do not so view it.   A
demurrer to this affirmative defense was overruled, and the
plaintiffs replied to it, leaving only to them the right to pre-
serve the question in the record by taking proper objections
to the introduction of the testimony, and preserving sufficient
exceptions in the record.   Neither the transcript nor the
abstract shows an objection which necessitates the expression

of an opinion upon this proposition.   If a proper objection
had been taken so as to save the question, it would be en-
tirely unavailable for the purposes of reversal in the view
which the court takes of the case.   If the testimony were
entirely excluded from the record, the result would be the
same, and where a judgment is unaffected by incompetent
testimony its admission will not serve as a basis upon which
to assign error.

The plaintiffs were not entitled to recover.   The contract
was in terms dependent upon the purchase and delivery of
coal, for McAllister expressly contracted that his liability
should be measured by the value and quantity of coal that
he might purchase and receive from the Pikes.   In order
then for the plaintiffs to recover it was incumbent upon them
to show, by competent proof, that the Pikes had delivered to
McAllister, or to others by his order, coal enough to render
him liable to the extent of their claim.   Evidence was of-
fered to show the shipment of divers cars of coal from
Brown's Canon Station by the Pike Brothers, to sundry
smelters in Leadville.   The proof was not completed by
testimony which served to connect McAllister with these
shipments, and it leaves the whole question of McAllister's
liability thereunder to inference.   The averments on this
branch of the case were not sustained by sufficient or satis-
factory evidence.   The court evidently so concluded and
rendered judgment accordingly.   Since the finding is so
fully sustained by the evidence, this court, even though
they had reached an adverse conclusion, would not be justi-
fied in disturbing the judgment.   *Kinney v. Wood*, 10 Colo.
270.

There is no error in the record and the judgment will be
affirmed.

*Affirmed.*