CARRIE WILLIAMS AND ADOLPHUS M. WILLIAMS, APPELLANTS, v. ALBERT W. WISHARD, APPELLEE.

VERDICT ON CONFLICTING EVIDENCE.—In an action upon a promissory note tried to a jury, wherein the only defense attempted to be established was want of consideration, on which the evidence was conflicting but supported the verdict for the plaintiff, the judgment rendered thereon must be affirmed on appeal.

*Appeal from District Court of Arapahoe County.*

. Mr. F. A. WILLIAMS, for appellants.

: Mr. D. V. BURNS, for appellee.

RICHMOND, P. J.   August 24th, 1880, appellants, Carrie Williams and Adolphus M. Williams, at the city of Indianapolis, Indiana, executed a note for the sum of $417 payable three months after date to the order of appellee, Albert W. Wishard, with interest at eight per cent per annum from date until paid, together with five per cent attorney's fees.

Action was brought to recover upon this note May 17th, 1889.   The defendants admit the execution and delivery of the note, but deny that there is anything due thereon; and allege want of consideration, payment, and that the plaintiff is not the real party in interest.

Judgment was rendered in favor of plaintiff for the amount of the note and interest aggregating the sum of $444.33. Motion for a new trial overruled and judgment entered.   To reverse this judgment appellants prosecute this appeal and assign for error that the court erred : in admitting evidence objected to by defendants; in excluding evidence offered by defendants; in the charge to the jury and in refusing instructions asked by defendants.

· It is unnecessary to recite in detail all of the circumstances which originated the giving of the note sued on.   A review of the transcript and abstract shows a very decided conflict of testimony.

Plaintiff, Wishard, testifies in substance that he was the attorney for one Jesse Johnson, and that Johnson at the solicitation of Wishard loaned to Williams a certain sum of money; that this together with other sums of money due from Williams to Wishard amounted to $500, for which a note was given.   Thereafter Williams, being in failing circumstances and being in debt to his wife in the sum of $3,000, executed two chattel mortgages upon his stock in trade to secure this note of $500 and the amount due his wife of $3,000.   Subsequently the stock was taken possession of by

Wishard, and in the course of time a settlement was effected between the parties, defendants jointly executing to Wishard this note of $417, and Wishard relinquishing his claim upon the stock of goods to Mrs. Williams and surrendering certain additional collateral security which he held.

Mrs. Williams asserts ignorance of the business relations between her husband and Wishard, but admits that at the time of the execution of the note she received the stock of goods and removed them from Indianapolis to the city of Denver. Wishard in settlement with Johnson received this note. It is true that an effort was made to prove want of consideration, but I am inclined to think that it falls far short of establishing the contention, at least there is sufficient evidence, in my judgment, to support the verdict and to rebut the various defenses interposed. There was no evidence offered tending to show that the plaintiff, Wishard, was not the holder and owner of the note, and, so far as payment is concerned, proof is equally lacking. The only defense attempted to be established was want of consideration. This, under the instructions of the court, the jury settled by their verdict.

The repeated decisions of the supreme court of this state, as well as the recent decisions of this court, without exception, announce the doctrine to be that where there is evidence sufficient to support the verdict, the judgment will not be disturbed. *Ziegler v. Cole*, 15 Colo. 295, and cases cited.

The instructions given were, by consent of the parties, delivered orally, and seem to me to embrace the law of the case. To recite the instructions in full would unnecessarily extend this opinion, as the rule is that where the instructions, taken in an entirety, fully and accurately advise the jury of the law governing the case, and are not misleading, the verdict will not be disturbed.

The instructions asked and refused could not have been given, as the evidence certainly did not warrant them, but the general principle embraced in those instructions was included in the general charge to the jury by the court. I

think this case was fairly tried and properly submitted to the jury, and that there is no error shown by the record which would warrant this court in disturbing the judgment.

The judgment is affirmed.

*Affirmed.*