27 P. 877 
1 Colo.App. 108
 LINDSAY v. LINDSAY. 
Court of Appeals of Colorado
October 12, 1891

 
 Appeal
 from district court, Arapahoe county; OLIVER B. LIDDELL,
 Judge.
 
 
 Catherine
 Lindsay filed a bill against James Lindsay, her son, to have
 a deed absolute made by plaintiff to defendant declared a
 mortgage. Decree for plaintiff. Defendant appeals. Affirmed.
 
 
 Cranston
 & Pitkin, for appellant.
 
 
 John
 Hipp, S.C. Hinsdale, and I.E. Barnum, for appellee.
 
 
 BISSELL,
 J.
 
 
 This is
 one of that very numerous class of actions which have their
 inception in the unguarded transactions between persons who
 sustain to each other some confidential relation. In
 September, 1884, by a deed of absolute conveyance, Mrs.
 Lindsay transferred to her son, the appellant, sundry
 property situate in the city of Denver. There [1 Colo.App.
 109] were no limitations in the conveyance, nor was there any
 instrument executed between the parties at the time of the
 transfer which would serve to determine its purpose or
 character. Some years after, the son asserted ownership in
 the property, and denied his mother's interest in it. On
 this assertion of title, the mother filed the present bill to
 set aside the conveyance, and to declare it to have been
 executed by way of a mortgage to secure the son for certain
 advances which he had made; and she also alleged that he had
 been instrumental in securing the transfer by divers
 misrepresentations, which the law would declare fraudulent.
 The case was tried by the court without the intervention of a
 jury, on oral testimony, and resulted in a decree for the
 mother. There was little evidence save that given by the
 respective parties, though there was some proof made of
 circumstances which tended, as the respective sides maintain,
 to support their different contentions. There are divers
 errors assigned and argued by counsel in support of their
 claim that the case ought to be reversed, but that based upon
 the alleged insufficiency of the evidence to support the
 judgment is the only one which it is essential to consider,
 and which, under any circumstances, would be sufficient to
 justify setting the decree aside. As a
 [27 P. 878.] 
 basis upon which to rest the discussion of the insufficiency
 of the proof, counsel accurately state the rule to be that,
 in order to overcome the effect of any absolute deed, and to
 change its legal significance from that of a conveyance to
 that of a mortgage, the testimony upon which the decree must
 rest should be precise, clear, and unequivocal. That this is
 the law has been so often decided that a repetition of the
 rule will, of itself, serve to recall the numerous
 adjudications in which it has been declared. Without
 conceding that the evidence offered in support of the bill,
 together with the circumstances which surrounded the
 transaction and illustrated its history, did not, as a whole,
 furnish that unequivocal and clear proof which is essential
 to the maintenance of such a decree, it must be stated that
 the rule is not absolutely uniform in its application, nor is
 the [1 Colo.App. 110] same identical proof required in all
 cases. Wherever the transaction is between parties whose
 relations are of a close fiduciary character, the complainant
 is not held to the same exactitude and strictness of proof,
 nor is the testimony offered in support of the bill to be
 viewed with the same scrutiny, as in those cases where the
 parties deal with each other at arms-length. Bohm v. Bohm, 9
 Colo. 100, 10 P. 790. Viewed in the light of these two
 principles, it cannot be said, with such emphasis as to
 necessitate a reversal of this case, that the testimony does
 not reach that level of certainty essential to support the
 judgment. It is contended with great vigor that, even though
 this be true, the weight of the testimony is against the
 finding, and for this reason the decree should be canceled.
 It is impossible not to concede that upon the record, as it
 is presented to this court, there is considerable basis for
 this contention; and, if this court had to decide the
 question as an original proposition upon the printed case,
 there might be grave doubt as to the decree which should be
 directed. But the cause is not brought within the rules which
 have always been laid down in this state as governing
 appellate courts in passing upon such an error. The record
 suggests nothing to indicate that the court was influenced by
 any other considerations than those which ought to control
 judicial tribunals in the rendition of their judgments. The
 decree is supported by the evidence offered by the appellee,
 by the circumstances of the transaction, and by the
 subsequent conduct of the parties. It is not, therefore, one
 of those cases where the judgment is so manifestly against
 the evidence as to justify an appellate court in reversing
 it. Kinney v. Wood, 10 Colo. 270, 15 P. 402; Green v. Taney,
 7 Colo. 278, 3 P. 423; Ziegler v. Cole, 15 Colo. 295, 25 P.
 300.
 
 
 The
 judgment is affirmed.