21  177
25  548
12a 373

RUST ET AL. V. STRICKLAND.

1. APPELLATE PRACTICE.
Notwithstanding it may appear to the court of review that a finding is against the weight of evidence, if there is testimony to support the decree, it will not be disturbed upon that ground.

2. SPECIFIC PERFORMANCE.
Where payment of a certain sum is a condition precedent to plaintiff's right to a specific performance, but he shows a valid reason for a failure of a strict compliance and ability and willingness fully to comply with the terms of the contract, he may be entitled to specific performance upon payment of the amount found to be due upon an accounting.

*Appeal from the Court of Appeals.*

Mr. C. S. WILSON, Mr. E. C. STIMSON and Mr. L. S. SMITH, for appellants.

Mr. WILLIAM O'BRIEN and Mr. A. HEIMS, for appellee.

VOL. XXI—12

MR. JUSTICE CAMPBELL delivered the opinion of the court.

This action was brought by the plaintiff, who is the appellee, to compel the defendants to convey to him a certain interest in mining property which the plaintiff claimed by virtue of a contract which was made between plaintiff and Millner, one of the defendants. Upon trial to the court without a jury no specific findings of fact were made, but the court made a general finding to the effect that the plaintiff was entitled to the relief sought. Upon such finding a decree was rendered directing the defendants to make the conveyance demanded upon the payment by the plaintiff to said defendant of sixty dollars, which, upon an accounting, the court found to be due.

An appeal from such judgment to the court of appeals resulted in its affirmance, and from the judgment of the latter court the defendants come here with their appeal.

There are several parties defendant in the action, and questions are here raised and urged other than the principal question in the case, but they do not interfere with the decision of the only real controversy which is between the plaintiff and Millner, the original parties to the contract, the proper construction of which contract, in the light of the evidence, settles this case.

The right of the plaintiff to an interest in this property was, by the contract, a conditional one. The agreement was that if the plaintiff should pay the expenses for procuring patents for the two mining claims in controversy, the patentees would convey to him an undivided one quarter interest in and to each thereof as soon as the receiver's receipt for the same should be obtained.

It is contended that such payment of expenses was to be made as they accrued from time to time, and it will be conceded that such is a fair construction of the contract. It may likewise be conceded that such payment was a condition precedent to the existence of any right of the plaintiff to any part of the property.

The questions here are, then : *First.* Did the plaintiff make payment of these expenses as they accrued? *Second.* If not, has he shown any good reason in equity which excuses a strict and full compliance with this contract, and which, nevertheless, entitles him to enforce its performance if he is still capable of fully complying with its provisions? *Third.* Was the case one in which an accounting might properly be had? *Fourth.* Was the decree one in law warranted? The first question is purely one of fact; the others, questions of law and fact.

The principal effort of appellants' counsel is apparently devoted to the attempt to demonstrate that the trial court made a mistake in its findings of fact. It is true that the evidence was conflicting upon most of the questions at issue, but there was some evidence to sustain the findings as to every material point in controversy, and there is nothing in the record to show that the trial court, in its findings, was actuated by prejudice or bias. Under the familiar rule of this court, therefore, we cannot, under such circumstances, reverse the judgment upon the ground of the insufficiency of the evidence, even if we differed from the court below as to the preponderance thereof.

There is no question that the plaintiff paid a portion of the expenses of procuring a patent as they accrued. The defendants concede this, and the court must have expressly found that he paid more than three hundred dollars on the same. The evidence tends to show that at the same time there were several similar contracts between the same parties, and that Millner was the active person in the procuring of the patents for all the claims covered by these different contracts. He, rather than the plaintiff, knew what steps had to be taken, and were taken, to procure patents, what was the amount of the expenses, and what applications upon account of the patenting of these two particular claims had been made by him out of the moneys paid to him, or to his order, from time to time, by the plaintiff, upon this and the several other similar transactions.

At the time of the payments to Millner there seem to have been no specific directions by the plaintiff as to the manner of the application of the money, or to what particular account it should be credited, and no statement was ever rendered by Millner to the plaintiff as to what disposition was made of the moneys thus paid to him, nor did he ever inform the plaintiff what were the expenses of patenting these claims in controversy. The plaintiff contended and swore that he had paid in full at least all these expenses, and possibly more than such expenses actually amounted to; but, considering the circumstances, as above stated, he averred in his pleadings, and also in his testimony, a willingness to pay, and made a tender to pay, any balance that might be found due upon such expenses upon the taking of an account.

Throughout this matter there was a looseness and unbusinesslike method in their dealings and in the keeping of their several accounts by the plaintiff and Millner which might well render it difficult for either to know how the account stood. In these circumstances the case was a proper one for an accounting. From the conflicting testimony the court found that sixty dollars was still due on the expenses of procuring a patent for these two claims, and we are not disposed to say in the light of the evidence that this was not as fair an ascertainment as could be made.

Then, too, assuming the correctness of the finding of fact, as we do, the plaintiff has shown a valid reason for not having strictly and fully complied with his contract with respect to making these payments as they became due, and it would be inequitable to refuse relief when it is in the power of the plaintiff now fully to perform in accordance with his offer to do so, particularly when it was the fault of Millner, rather than that of plaintiff (if there was any fault on the part of either), in not giving to the plaintiff information as to the status of the account, which, as to some of its items, Millner alone seemed to possess. Having the right to an undivided one quarter interest in and to the property, provided he paid

the expenses for procuring the patent therefor, and having by the findings of the court paid more than three hundred dollars thereof, and offering to pay the balance of about sixty dollars which the court found still to be due on such expenses, and it appearing that Millner, rather than plaintiff, was in fault for the failure of plaintiff to pay all of the expenses as they accrued, we think that the plaintiff is entitled to the benefit of his contract, and that a conveyance of the interest in question should be made. For these reasons the judgment of the court of appeals is affirmed.

*Affirmed.*