JOHNSON v. KOUNTZE ET AL.

PRACTICE—RULE OF DECISION.

It is the invariable rule of this court that the findings of the trial court or verdict of a jury upon conflicting testimony will not be disturbed unless manifestly against the weight of evidence.

*Appeal from the District Court of Fremont County.*

ON THE 24th day of December, 1890, the appellees commenced an action in the district court of Fremont county against The Denver & Rio Grande Railroad Company and several others, to quiet title to a certain tract of land, predicating their right to such relief upon the following facts, to wit:

That in the year 1883 John H. Terry, the owner of said tract of land, conveyed the same to The Denver & Rio Grande Railroad Company for the purpose of building and operating its line of railroad over and upon the same, with the express provision and condition that in case the said Railroad Company failed to build, and use the said tract of land for such purpose, then the same should revert and become the property of the said Terry.

That the said Railroad Company failed, neglected and refused to build, operate and maintain any tracks thereon, and that the title to said land had thereby reverted to, and become the property of, said Terry, who duly conveyed to

appellees, by a sufficient deed, said tract of land, on the 12th day of April, 1890.

Upon being duly served with summons, The Denver & Rio Grande Railroad Company made default, and thereupon the appellant, William E. Johnson, filed his petition in intervention, claiming said tract of land, and in support of his claim alleged the following facts, to wit:

That in the year 1883 the said John H. Terry was the lawful owner of said tract of land, together with about ten acres of land adjoining said tract. Said Johnson then and there purchased said land, together with the tract of land in controversy, taking a deed for the ten acres, but for convenience the legal title to the tract in controversy was retained by Terry. Afterwards, on or about the 3d day of November, 1883, while said Terry was holding the legal title to the said tract, for the use of the intervenor Johnson, said Johnson ordered and directed Terry to convey the same to The Denver & Rio Grande Railroad Company by deed, with the reservations and upon the conditions hereinbefore mentioned; and that said Terry, in pursuance of said order, did so convey said tract of land to said Railroad Company; and that the sole consideration for the making and delivery of said deed by Terry to the Railroad Company was the promise to build, operate and maintain a railroad track over the same, for the convenience of the intervenor and his assigns.

That by reason of the failure of the company to build and maintain the railroad thereon, the title to said tract of land reverted to said Terry, and that by and in consideration of the premises, said Terry became a trustee for the intervenor, and holds the title to said tract of land in trust for him.

Said intervenor further alleged that said Terry, and his wife, Lydia Terry, were necessary parties to the action, and prayed that they should be made parties defendant, which was accordingly done. Thereupon said Terry and his wife made answer to the complaint in intervention, admitting that he (Terry) conveyed about ten acres of land to said Johnson, but denied the remaining averments of the petition

in intervention as to the sale by said Terry of the tract of land in controversy, to the intervenor Johnson, and the payment of the purchase price therefor to Terry, as follows :

"Respondents deny that the said John H. Terry ever conveyed, by deed or otherwise, or held the legal title in trust for said Johnson, or for any other person, the said tract of land described in the petition of said Johnson. * * * That as to said tract of land, said Johnson never had any right, title or interest, either legal or equitable."

Their answer admitted that the land in controversy was conveyed to the Railroad Company, with the conditions as alleged, and that the Railroad Company had failed to comply with the conditions upon which the land was conveyed, and that the land had reverted to said Terry, and disclaimed all right or interest in said tract of land.

The appellees also filed an answer to the petition in intervention, in which they deny all right in Johnson, and aver that they purchased said tract of land without any notice of the claims of Johnson. Thereafter, on the 27th day of April, 1892, the cause was tried to the court and judgment rendered in favor of appellees, as against the intervenor, and dismissing his petition of intervention. To reverse this judgment, intervenor prosecutes this appeal.

Mr. JAMES T. LOCKE and Mr. AUGUSTUS MACON for appellant.

Messrs. WALDO & DAWSON, for appellees.

MR. JUSTICE GODDARD delivered the opinion of the court.

The important and essential question of fact in controversy before the trial court, and upon the maintenance of which the right of the intervenor to the relief sought necessarily depends, was whether the tract of land in dispute was included with the ten acres in his purchase from Terry, and the existence of the verbal contract between them, in pursuance of which he alleges the land was conveyed to the Rail

road Company for his use and benefit. Upon this question there were but two witnesses, the intervenor Johnson and John H. Terry. Johnson testified that he purchased from Terry eleven and one half acres of land, and also the tract of land in dispute (designating it as the "right of way tract") for the sum of $1,500; that at his suggestion and by his direction the right of way tract was conveyed to the Railroad Company. Terry testified that he did not sell to Johnson the right of way tract, and that there was no agreement of any sort, written or oral, that he should have this tract of land as a part of the consideration of $1,500; and that for the $1,500 paid he gave him ten acres of land only.

It is insisted by counsel for appellant that, notwithstanding this conflict of testimony and the finding of the court below against the intervenor, an examination and consideration of the entire testimony of these two witnesses shows a preponderance in favor of intervenor, and that we should review their testimony and determine its weight and preponderance. The rule is well settled by the repeated decisions of this court that the finding of the trial court or the verdict of a jury upon conflicting testimony will not be disturbed, unless manifestly against the weight of evidence. As was said in *Green v. Taney*, 7 Colo. 278:

" This court will only interfere where, upon the whole record, it appears that the jury acted so unreasonably in weighing testimony as to suggest a strong presumption that their minds were swayed by passion or prejudice, or that they were governed by some motive other than that of awarding impartial justice to the contending parties." *Barker v. Hawley*, 4 Colo. 316; *Dickson v. Moffat*, 5 Colo. 114; *Kinney v. Wood*, 10 Colo. 270 ; *Ziegler v. Cole*, 15 Colo. 295.

The court below, therefore, being the exclusive judge of the credibility of the witnesses and the weight to be given to the testimony of each respectively, as there appears an irreconcilable conflict between them, its finding in favor of appellees cannot be interfered with; and since the adverse determination upon this question of fact is fatal to the

intervenor's right to recover, it becomes unnecessary to consider the questions of law so ably and exhaustively discussed in the briefs of the respective counsel. For the reasons given, the judgment must be affirmed.

*Affirmed.*