### Rambo v. Armstrong.

1. Appeals—Questions Reviewed—A finding upon conflicting evidence will not be disturbed.—(127)

2. Taxes — Liability of Grantor of Lands — One conveying lands in September is liable, under § 3774 Mills' Ann. Stats., for the tax of the same year which matured in the year following,

even though, at the date of the conveyance, the assessment had not been completed nor become a lien on the lands.—(125)

3. Assignments—What is Assignable—A claim asserted by the grantee of lands against the grantor, for moneys paid to relieve them of taxes for which the grantor was liable, may be effectually assigned so as to give the assignee an action in his own name.—(126)

*Appeal from Fremont County Court* — Hon. JAMES L. COOPER, Judge.

Mr. J. A. CONDIT, for appellant.

Messrs. CHAMPION & BLUNT, for appellee.

Mr. JUSTICE WHITE delivered the opinion of the court:

September 29, 1900, appellant by general warranty deed containing the usual covenants against taxes, assessments and incumbrances, conveyed to appellee a certain lot situate in the city of Florence, Fremont county, and also on that date, and practically as a part of the same transaction, though by separate deed containing like covenants, conveyed an adjoining lot to Murdock McDermit. The consideration expressed in the deed to appellee was $800.00, and the one to McDermit $600.00. At or immediately prior to the delivery of these deeds appellant paid the taxes then past due on said premises for the year 1899. These lots were subject, however, to taxes for the year 1900, which were not paid, and in December, 1901, the property was sold for such non-paid taxes by the treasurer of Fremont county and a deed therefor was subsequently made by said treasurer to one McLain. Thereafter appellee and McDermit expended certain moneys respectively in freeing the premises from the tax sale aforesaid, first having requested appellant so to do and she having failed in that respect. Subsequently the claim of McDermit was assigned to appellee and this suit thereafter in-

stituted by the latter against the appellant to recover the aggregate sums so paid in relieving said premises from said tax sale. The case was tried to the court without a jury, resulting in judgment for $275.00 against appellant, from which this appeal is prosecuted.

Appellant summarizes her assignments of error and argues that the judgment should be reversed for the following reasons:

"(1) That there was an express agreement by and between appellant and appellee wherein appellant agreed to sell and appellee promised to buy the property in question, if appellant would pay the taxes due and payable thereon; (2) that appellant paid the taxes she promised and agreed to pay; (3) that appellant was not obligated under her contract to and with appellee, and her warranty deed, to pay the listed and scheduled taxes of May, 1900, since such listed and scheduled taxes were not a lien upon the property at the time of the conveyance of the same; (4) that the word 'assessed' in the Laws of 1893, p. 414, § 4, is to be taken in its general and usual sense of meaning a completed tax levy, and such tax levy could not be made until the tax roll was complete and certified up to the county treasurer; (5) that at the time of the conveyance herein all the taxes that were a lien against the property conveyed were paid in full by appellant; (6) that the failure on the part of appellant to pay the taxes that became due and payable in the year 1901, did not constitute a breach of covenant; and (7) that the assignment of the claim of Murdock McDermit for the purpose of suit herein did not give the assignee a right to bring suit thereon."

As to the alleged express agreement between appellant and appellee as to the payment of taxes then due and payable thereon, being the taxes for the year

1899, there is no issue here. With or without a verbal agreement to pay such taxes, that duty rested upon the grantor in the deeds by express written words under her covenants against taxes, assessments and incumbrances. It is the taxes for the year 1900 which became due and payable in 1901, that form the basis of this controversy. As to the payment for that year the court found there was no agreement. The evidence certainly sustains that finding. Under the contention of appellant and by her evidence it was the taxes of 1899 relative to the payment of which the agreement was had, while appellee and McDermit contend that it was the taxes of 1900 to which the agreement went. If this misunderstanding existed, the minds of the contracting parties certainly did not meet and the court, having found there was no agreement as to the payment of the taxes of 1900, that finding will not be disturbed.—*Johnson v. Kountze,* 21 Colo. 486; *Jones v. Sullivan,* 22 Colo. 224; *Fisk Mining & Mill. Co. v. Reed et al.,* 32 Colo. 506, 515.

Without an agreement as to who should pay the taxes for the year 1900, the rights of the parties must necessarily be determined by the terms of the deeds or the statute, § 3774, Mills', or by both.

This statute is as follows: "As between grantor and grantee of any land, where there is no express agreement as to who shall pay the taxes that may be assessed thereon, if such land is conveyed between the first day of January and the first day of May, then the grantee shall pay the same, but if conveyed between the first day of May and the first day of January, the grantor shall pay the same."

Unless this statutory provision is controlling, this action is a suit on the covenants against incumbrances brought by grantee and the assignee of another grantee who had sustained damage for the

amount which they respectively were compelled to pay to relieve the property purchased of the incumbrances, and in that event many intricate and difficult questions presented by appellant upon which there is much conflict of authority would necessarily have to be considered.

The view, however, which we take of the case relieves us of that labor. The statute in question fixes the liability of the grantor and grantee as to the payment of the taxes that "may be assessed" on the property for the year in which the conveyance thereof is made. It is immaterial, and we do not determine, whether the taxes listed and scheduled in May, 1900, were or were not a lien upon the property at the time of the conveyances under consideration. Section 3770, Mills' Ann. Stats., fixes the time when the board of county commissioners shall levy taxes. The statute as to date of conveyance speaks of the calendar year, but when it speaks of taxes "that may be assessed" it evidently means that which may be completed within the taxing period fixed by section 3770, *supra*. The words "that may be assessed thereon" clearly imply that which has been or may be done. It is not necessary that it be already done. Under the statute the assessment may not be complete.—*Griggs v. City of St. Paul*, 56 Minn. 150. If the assessment were complete and the taxes had already become a lien, the statute would be useless as to fixing any liability upon the grantor because the terms of the deed would impose the duty upon him to liquidate and pay such taxes. Clearly the words in the statute "taxes that may be assessed thereon" mean the taxes that may, within the year, be completely assessed and levied against such property. The amount of taxes that were thereafter levied against these lots was an obligation, the payment of which by express statutory provision, was imposed

upon the grantor in the conveyances in question, and having neglected and refused to pay the same her grantees could recover under the statute.

Appellant's contention that McDermit could not assign his claim so as to enable appellee to bring suit thereon is without merit. As said in *Reddicker v. Lovinsky,* 3 Col. App. 159: "Under our Code of Civil Procedure almost every surviving right of action may be assigned so as to enable the assignee to maintain a suit in his own name."

Under § 3, Mills' Ann. Code, this action was properly brought in the name of appellee, because he is the owner of the claim and the real party in interest. From the record it appears the case was fairly tried and correctly determined upon its merits, and the judgment is therefore affirmed.

*Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY concur.