[No. 6861.]

Beggs v. Trump et al.

Practice in Supreme Court—*Finding upon conflicting Evidence*—There being sufficient competent evidence to sustain it, will not be reviewed.

*Error to Phillips District Court.*—Hon. E. E. Armour, Judge.

Mr. John F. Mail, for plaintiff in error.

Messrs. Munson & Munson, for defendant in error, C. E. Paul.

.: Mr. Justice Hill delivered the opinion of the court:

This action was brought by the plaintiff in error

against the defendants in error for an accounting, and to have certain bills of sale for two sets of abstract books, with furniture, declared to be mortgages, to restrain the defendant Trump from selling them to the defendant Paul, and to allow the plaintiff to redeem. The gist of the action was necessarily to have the bills of sale decreed to be mortgages; if so declared an accounting would follow, otherwise, there would be no necessity for further action. Trial was to the court which found in favor of the defendants in error dismissing the action. The plaintiff brings the case here for review upon error.

The sole contention urged, is that under the evidence the judgment should have been for the plaintiff permitting her to redeem.

The evidence is conflicting upon all the material facts at issue. The testimony of the plaintiff's agent who states that he transacted practically all of the business pertaining to these matters, is entirely one way. In this he is supported by the evidence of the plaintiff in error, as to certain of these facts which she testified was within her knowledge. The defendant Trump's testimony is entirely in conflict with that of the plaintiff and her agent. In his testimony he is supported by the bills of sale, other documentary evidence, also in some of said matters by the evidence of other witnesses as well as facts pertaining to possession, etc. There is evidence to sustain the findings as to every material point in controversy; there is also evidence which would sustain a judgment in favor of the plaintiff. There is nothing in the record to show that the trial court in its findings was actuated by prejudice or bias. Under the familiar rule of this court, therefore, we cannot, under such circumstances, reverse the judgment upon the ground of the insufficiency of the evidence.—

*Rust v. Strickland,* 21 Colo. 177; *Rollins v. Commissioners,* 115 Colo. 103.

The judgment is affirmed.      *Affirmed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE GABBERT concur.