[No. 8436.]

## EGAN ET AL. V. BYRNES.

1. TRIAL—*By the Court.* The effect of the evidence, the inferences to be drawn therefrom, and where rests the preponderance of the evidence, are for the court. The same rule applies as where the issues of fact are tried by a jury. (86.)

Where there is sufficient competent evidence to support the findings, the court of review will not interfere. (87.)

*Error to El Paso District Court.* Hon. W. S. MORRIS, Judge.

Messrs. ORR, ROBINETT & MASON, Messrs. McENIRY & McENIRY, for plaintiffs in error.

Mr. SAMUEL H. KINSLEY and Mr. JOHN A. CARUTHERS, for defendant in error.

HILL, J., delivered the opinion of the court.

This action was brought by the defendant in error to set aside a deed executed by his wife, Mary Byrnes, to her two unmarried sisters, the plaintiffs in error, purporting to convey a lot with the buildings thereon, in Colorado Springs, valued at about $3,000. The reasons alleged are undue influence exercised in obtaining the deed, and the imbecility of mind of the grantor at the time the deed was issued. Trial was to the court, which found for the plaintiff. The only substantial error urged is the insufficiency of the testimony to support the findings.

The sole question for us to determine is whether the plaintiff's evidence, with all reasonable inferences and intendments to be drawn therefrom, fairly tends to prove the plaintiff's case; if it does, then the conflict between it and the defendants' testimony, as well as where the preponderance of the testimony rests, was a question for the trial court. This rule applies when a case is tried by the court, the same as when tried by a jury. *Denver C. T. Co. v. Brum-*

*ley,* 51 Colo. 251, 116 Pac. 1051; *Beggs v. Trump,* 52 Colo. 242, 121 Pac. 167; *Bromfield Bank v. McKinley,* 53 Colo. 279, 125 Pac. 493; *Denver T. & I. Co. v. C. & S. Ry. Co.,* 58 Colo. 313, 145 Pac. 707; *D. & R. G. R. Co. v. Peterson Grocery Co.,* 59 Colo. 125, 147 Pac. 663; *Lindsay v. Lindsay,* 1 Colo. App. 108, 27 Pac. 877.

Many reasons are presented by each side setting forth why and how the testimony sustains their respective contentions and fails to support those of the other side. We can, in a way, agree with both, and had the finding been different, there would have been sufficient testimony to sustain it, but we cannot agree that there is not sufficient competent testimony to support the decree. It is unnecessary to set forth a detailed statement of the testimony, or to comment upon the reasons urged by each side concerning it.

The judgment is affirmed.

*Affirmed.*

Chief Justice GABBERT and Mr. Justice TELLER concur.

Decided February 7, A. D. 1916. Rehearing denied April 3, A. D. 1916.