No. 14,376.

WHEELER v. ROLEY.
(95 P. [2d] 2)

Decided October 9, 1939.   Rehearing denied October 30, 1939.

Mr. JOHN B. BARNARD, for plaintiff in error.

Mr. ROY A. PAYTON, for defendant in error.

*In Department.*

MR. JUSTICE YOUNG delivered the opinion of the court.

J. A. ROLEY was plaintiff and E. B. Wheeler was defendant in an action instituted in the district court of Pueblo county. Judgment for $1234.58 and costs was rendered in favor of J. A. Roley and a judgment of dismissal was entered on Wheeler's cross complaint. Wheeler seeks a reversal, assigning as error the court's adverse ruling on his contention, as set forth in his pleadings, that J. A. Roley was not a party in interest and therefore could not maintain the action; that the real party in interest was Walter Roley, a brother of J. A. Roley. Wheeler assigns error on the dismissal of his cross complaint also, if we hold that J. A. Roley was a proper party to prosecute the action. If it be not so held he concedes that he is not entitled to recover on his cross complaint.

Wheeler owned certain real property in the city of Pueblo. J. A. Roley was the record owner of a ranch in Huerfano county that was in fact the property of his brother, Walter Roley, who resided in Missouri. Wheeler and J. A. Roley entered into a contract to exchange these properties, by the terms of which each was to execute a deed of conveyance to the other. The contract was silent as to Walter Roley having any interest in the

ranch property. It appears from the testimony that before the deeds were executed and delivered J. A. Roley disclosed to Wheeler or his agent the fact that the ranch belonged to Walter Roley, and that the deed to the Pueblo property should run to him; but through mistake or inadvertence the deed was made to J. A. Roley in accordance with the literal provisions of the contract. A few days thereafter J. A. Roley conveyed the Pueblo property to his brother, Walter Roley, by quitclaim deed. It further appears that the two Roley brothers had for a long time dealt between themselves and that each had held in his own name property that belonged to the other, and that periodically they would make settlements with each other. Prior to the time this action was instituted such a settlement occurred and by it the Pueblo property conveyed by Wheeler to J. A. Roley and by J. A. Roley to Walter Roley was reconveyed to J. A. Roley, who was its owner at the time of suit and at the time the taxes in question were paid by him.

The deed from Wheeler to J. A. Roley contained a covenant that the property was free from encumbrances, including special assessments, up to and including 1931, and all general taxes up to and including the general taxes for the first half of the year 1931. It was alleged in the complaint by J. A. Roley, and the evidence established, that he was forced to pay taxes in the sum of $1234.58, the amount of the judgment, to save the property from tax sale, which taxes under the covenant in the deed Wheeler should have paid.

The district court properly entered judgment in favor of J. A. Roley against Wheeler for the amount of these taxes. Wheeler did not claim even that he had complied with his covenant. A covenant against encumbrances runs with the land and inures to the benefit of subsequent purchasers. '35 C. S. A., c. 40, §18. If, as claimed by defendant Wheeler, there was a time when J. A. Roley held the property in trust for his brother,

he ceased so to hold it when he executed a quitclaim deed transferring the title to his brother a few days after conveyance was made to him. In the settlement with his brother the property was reconveyed to him to hold as his own, and subsequently he paid the taxes. There was no error in entering judgment in his favor under this state of facts.

It appears that pending the final consummation of the deal between Wheeler and J. A. Roley that Wheeler sought to avoid the contract on grounds of fraud, one of such grounds being that J. A. Roley had falsely represented that eighteen thousand acres of government land were surrounded by fence when in fact not more than five thousand acres were so fenced, and that such fence should pass under the contract. Before that suit was finally determined both Walter Roley and J. A. Roley were parties to the action. The particular findings made by the court in that action do not appear in the record before us. It does appear that the judgment was adverse to Wheeler. The judgment may have been rendered adversely to him on the theory that the representation that eighteen thousand acres of government land was fenced was not made or that if made it was true. In such cases the determination would operate as a bar. It may have been rendered because of a failure to find the existence of some one or more of the other facts required to exist in combination to constitute fraud, in which case the judgment might not operate as a bar. We are not advised what the court actually did find. In any event the testimony offered by the defendant Wheeler in support of his counterclaim was so indefinite and uncertain that without resort to speculation it would have been impossible for the court to have fixed the amount claimed, $1650.00, or any other amount that would have had any reasonable basis of support in the testimony. Nothing appears in evidence as to the kind, character, or value of the fence which, it was asserted, J. A. Roley represented was on the land. Wheeler

testified that in the most compact form in which eighteen thousand acres of land could be placed it would have a certain perimeter and that it would cost $1650.00 to put a fence around it of a certain kind. This character of testimony falls short of that required to establish a cause of action. It was not error for the court to dismiss the cross complaint.

Judgment affirmed.

MR. JUSTICE KNOUS and MR. JUSTICE BAKKE concur.