## No. 14,819.

WESTERN DEVELOPMENT AND REALIZATION CORPORATION *v.* HEXT.

(117 P. [2d] 313)

Decided June 23, 1941.   Rehearing denied September 29, 1941.

Mr. HARRY S. CLASS, Mr. WARWICK M. DOWNING, Mr. RICHARD DOWNING, for plaintiff in error.

Mr. BENJAMIN C. HILLIARD, JR., Mr. GEORGE A. TROUT, Mr. BART W. O'HARA, for defendant in error.

*In Department.*

MR. JUSTICE YOUNG delivered the opinion of the court.

THOMAS HEXT, by warranty deed, conveyed certain real property in the city of Denver to the Western Development and Realization Corporation on the 9th day of November, 1937, for a consideration of $10,000. Among other recitations in the deed was the following: "And that the same are free and clear from all former and other grants, bargains, sales, liens, taxes, assessments and encumbrances of whatever kind or nature soever; and the above bargained premises in the quiet and peaceable possession of the said party of the second part, its successors, against all and every person or persons lawfully claiming or to claim the whole or any part thereof, the said party of the first part shall and will warrant and forever defend."

During the same calendar year, 1937, the above-named grantee conveyed the property to Burkhardt and Sigman, excepting in that conveyance the lien of taxes for the year 1937, due and payable on January 1, 1938. On April 25, 1938, Sigman and Burkhardt paid the 1937 taxes in the amount of $503.82. It is neither alleged nor contended that the Western Development and Realiza-

tion Corporation, plaintiff in the district court, either reimbursed or is obligated to reimburse Sigman and Burkhardt for the taxes so paid. The foregoing is a statement of the facts out of which the controversy arises.

The Western Development and Realization Corporation predicates its right to recover on the covenant in the deed and on section 224, chapter 142, '35 C.S.A., which provides as follows: "As between the grantor and grantee, where there is in the instrument of conveyance no express agreement as to which shall pay the taxes that may be assessed on the land conveyed, if such conveyance is made between the thirty-first (31st) day of December and the first (1st) day of the next July, then the grantee shall pay the taxes for the year in which the conveyance is made. But if the property is conveyed between the thirtieth (30th) day of June and the first day of the next January, then the grantor shall pay the taxes for the year in which the conveyance is made."

At the close of the testimony on the part of plaintiff and under the foregoing factual situation the defendant moved for a nonsuit, which motion the trial court granted. The sole question is whether or not under the covenant in the deed and the statute quoted the plaintiff, without showing damage, is entitled to recover.

Section 18, chapter 40, '35 C.S.A., is as follows: "Covenants of seisin, peaceable possession, freedom from incumbrances, and of warranty, contained in any conveyance of real estate, or of any interest therein, shall be held to run with the premises, and to inure to the benefit of all subsequent purchasers and incumbrancers."

The general law with reference to suits on covenants is set forth in 15 Corpus Juris, page 1257, section 77 (21 C.J.S., Covenants, §82), as follows: "As a rule, where land conveyed with real covenants has passed by subsequent conveyances through the hands of various covenantees, only the last covenantee or assignee in

whose possession the land is when the covenant is broken can sue for its breach, and his right of action extends to any or to all of the prior covenantors." This in effect was our holding in *Wheeler v. Roley,* 105 Colo. 116, 95 P. (2d) 2.

██ While the land remained in the hands of plaintiff it sustained no damage from a breach of its grantor's covenant, and, having sold the land and conveyed it by deed containing an exception that protects it from payment of the taxes as against its grantee, the plaintiff not only has sustained no damages but will sustain no damages in the future. We think the action of the court in granting the nonsuit and entering judgment for costs in favor of defendant was proper.

Judgment affirmed.

MR. CHIEF JUSTICE FRANCIS E. BOUCK, MR. JUSTICE KNOUS, and MR. JUSTICE BURKE concur.

*On Petition for Rehearing.*

MR. JUSTICE YOUNG.

Plaintiff in error cited in its brief, and in its petition for rehearing again calls to our attention, the case of *Rambo v. Armstrong,* 45 Colo. 124, 100 Pac. 586, as being direct authority supporting its position. In that case the grantee did pay the taxes, and recovered a judgment against the grantor for the amount so paid. Under the facts of that case the court was correct in saying that there was a liability to pay the taxes imposed by the statute therein under consideration. That language was used in the light of the facts of the particular case which disclosed a fact situation to which the statute applied. ██ The contract implied by the statute, in the absence of express agreement, is to indemnify the grantee against loss for the payment of taxes on property which he owned and of which he had the use for less

than half a year. The courts take judicial notice of the fact that at the end of the calendar year in which the property is so successively held, the taxes for the previous year will be due, which the grantee must pay to protect his interest in the property. If the situation changes so that at the end of the year the grantee has parted with the title to the property, and a third party owns it—which was the fact in the instant case—then, in the absence of allegations and proof that in the course of such change of ownership the grantee in the first deed either has obligated himself to his grantee to pay the taxes or otherwise sustained an equivalent loss, there can be no recovery under the statute.

Since this point was not covered in our opinion counsel is not prohibited by our rule from again moving for a rehearing, provided the motion is limited to the point above discussed.

The petition for a rehearing is denied.

MR. CHIEF JUSTICE FRANCIS E. BOUCK, who formerly concurred in the court's opinion, now dissents.